UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUONY ROUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil  Action  No. 06-0112 (RMC) |
| | ) | |
| PRESIDENT OF THE UNITED STATES | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pro se Plaintiff Buony Roum alleges that the President of the United States and the heads

of the United States Department of Justice, the Central Intelligence Agency and the Federal

Bureau of Investigation subjected him to radiation and a "laser weapon," implanted a chip in

him, Compl. at 1, and used "mind control" against him.[1]  Compl. at 5.  Plaintiff also seems to

raise claims pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Plaintiff's

Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure because the Court lacks subject-matter jurisdiction over this case, and the Complaint

fails to state a claim upon which relief can be granted.  In addition, the Complaint should be

dismissed under Rule 12(b)(6) because it does not meet the minimal pleading requirements of

---

[1] Plaintiff's lawsuit appears to raise claims against Defendants George W. Bush, Alberto R. Gonzales, Porter J. Goss and Robert S. Mueller III in their official capacities only.  See Compl., caption and at 4 (alleging Defendants, "through Patriot Act," caused certain harms). Accordingly, the undersigned counsel responds to Plaintiff's Complaint on behalf of the Defendants as named in their official capacities.  Nothing in this Motion or the accompanying Memorandum in Support of this Motion should be construed to waive any defenses the Defendants may have as individuals, including but not limited to improper venue, insufficiency of service of process, and qualified immunity from suit.

Rules 8(a) and 10(b).

In the alternative, this Court should enter summary judgment in favor of Defendant pursuant to Fed. R. Civ. P. 56 on Plaintiff's FOIA claims, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law on those claims. In support of this Motion, Defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts Not In Dispute, and supporting materials.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).[2]

---

[2] Consonant with the Court of Appeals guidance in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Defendant reminds this *pro se* litigant that failure to respond or contest Defendant's motion may lead to an entry of adverse judgment against him. See also Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

Respectfully Submitted,

s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/

_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/

_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 307-0372

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUONY ROUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil  Action  No. 06-0112 (RMC) |
| | ) | |
| PRESIDENT OF THE UNITED STATES | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

<u>Pro se</u> Plaintiff Buony Roum alleges that Defendants, the President of the United States

and the heads of the United States Department of Justice, the Central Intelligence Agency and the

Federal Bureau of Investigation, subjected him, <u>inter alia</u>, to "nano-particles," "radioactive lethal

chemicals," a "laser weapon," "non-nuclear electromagnetic pulse generators," "infrasound" and

implanted a chip in him.  Compl. at 2.  Plaintiff also seems to raise claims pursuant to the

Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Plaintiff seeks, <u>inter alia</u>, $875 million

dollars in damages.  Compl. at Count IV.  Plaintiff's Complaint should be dismissed under Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the Court lacks subject-

matter jurisdiction over this case, and because the Complaint fails to state a claim upon which

relief can be granted.  In addition, the Complaint should be dismissed under Rule 12(b)(6)

because it does not meet the minimal pleading requirements of Rules 8(a) and 10(b).  In the

alternative, this Court should enter summary judgment in favor of Defendant pursuant to Fed. R.

Civ. P. 56 on Plaintiff's FOIA claims, because there is no genuine issue as to any material fact

and the Defendant is entitled to judgment as a matter of law on those claims.

## I.    FACTUAL BACKGROUND AND PLAINTIFF'S COMPLAINT

Plaintiff's Complaint sets forth a complex and fanciful conspiracy theory through various rambling and far-fetched allegations that Defendants subjected him, inter alia, to "nano-particles," "radioactive lethal chemicals," a "laser weapon," "non-nuclear electromagnetic pulse generators," "infrasound" and implanted a chip in him.  Compl. at 2.[3]  Plaintiff also claims that, inter alia, the Defendants gave Plaintiff's landlords and roommates radioactive chemicals to put into his clothing, bed sheets, and other belongings (Compl. at 5-6, 16, 17); entered his apartment to collect his personal information and followed him to various apartments as he moved (Compl. at 7-8, 19, 22); turned his college professors against him (Compl. at 11); disseminated lies that plaintiff is involved in the creation of WMDs (Compl. at 11); caused his driver's license to be suspended and threatened him with harassment or murder unless he paid a monetary judgment (Compl. at 12); caused him to be kidnapped to a mental hospital (Compl. at 17); and sent various informants to accuse him of being a member of Al Qaeda (Compl. at 26-27).

Plaintiff seems to base the Court's jurisdiction over this action on various criminal statutes, including: 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim or injure persons . . . in a foreign country); 18 U.S.C. §1111 (first- and second-degree murder); 18 U.S.C. § 1117 (conspiracy to murder); 18 U.S.C. § 2340A (torture outside the U.S.); 18 U.S.C. § 1201 (kidnaping); 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); 18 U.S.C. § 114 (maiming within maritime and territorial jurisdiction); and 18 U.S.C. § 1001 (fraud and false

---

[3] Plaintiff's Complaint is unpaginated.  Page references are to the Complaint counting the caption as page 1.

statements).  Compl. at 4-5.

Plaintiff also states that on November 11, 2005 he sent Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests to the CIA and FBI seeking records and materials about him. Compl. at 13.  See Ex. 1 attached, Declaration of Scott Koch at Attachment A (FOIA request to CIA).  Plaintiff alleges that the FBI never responded to his request and that a CIA letter of December 21, 2005 responded that the CIA has no records responsive to Plaintiff's FOIA request.  Plaintiff misunderstood the import of the CIA's December 21, 2005 letter.  Moreover, the FBI has not received any FOIA request from Plaintiff.  See Decl. of David Hardy, Ex. 2 attached.

Plaintiff claims to have appealed the CIA's no records response.  Compl. at 13.  However, on December 21, 2005, the CIA sent Plaintiff a letter assigning Plaintiff's inquiry a number and requesting more information in order to allow it to process Plaintiff's letter as a FOIA request. See Koch Decl. at Attachment B.  That letter clearly stated that Plaintiff must provide the agency with the requested information "before we process your request."  Id. at 1.  Plaintiff responded to the CIA's letter on December 30, 2005, providing additional information.  See Koch Decl. at Attachment C.  CIA received that letter on January 19, 2006.  See Koch Decl. at Attachment D. On January 20, 2006, the CIA informed Plaintiff that, having received additional information, it would begin to process his FOIA request.  Id.  On January 31, 2006, the CIA responded to Plaintiff's FOIA request, stating that the letter "is a final response to your 11 November 2005 request," and that the agency was "unable to identify any information or records" about Plaintiff. See Koch Decl. at Attachment E.  The letter also explained to Plaintiff the appeal process and advised him of the applicable appeal deadlines.  Id.  Plaintiff did not appeal.  Instead, on January

3

20, 2006, he filed this lawsuit.

In connection with all of the claims set forth in his Complaint, Plaintiff demands $875 million in damages.  Complaint at 25-27.

## II.    STANDARD OF REVIEW

_____A.    Motions to Dismiss

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  Moreover, a party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that support his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court must treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the

4

plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

          While a complaint filed by a pro se litigant such as Mr. Roum is held to a less stringent standard than a pleading drafted by a lawyer, pro se litigants still must comply with the Federal Rules of Civil Procedure. United States v. Funds from Prudential Securities, 362 F.Supp.2d 75, 82 (D.D.C. 2005) (citing Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987), which was cited with approval in Moore v. USAID, 994 F.2d 874, 876 (D.C. Cir. 1993)).

   B.    Summary Judgment Standards

       Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

       An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case by providing the district court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446

5

U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA or Privacy Act case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under the FOIA and the Privacy Act. See Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985). Since Defendants' declarations demonstrate that the agencies met their obligations under the FOIA and the Privacy Act, and the pleadings and other filings show no genuine issue as to any material fact, Defendants are entitled to a grant of summary judgment on Plaintiff's FOIA claims.

## III.    ARGUMENT

Applying these various legal standards demonstrates that Plaintiff's Complaint should be dismissed.

### A.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Non-FOIA Claims.

Plaintiff names as Defendants in this case the President of the United States and the heads of the CIA, the USDOJ and the FBI. Compl., caption. Plaintiff cites a variety of statutory provisions that he alleges the Defendants have violated. None of those statutory provisions waives the United States' sovereign immunity as to Plaintiff's claims. That is, the Court lacks subject matter jurisdiction over this case and it should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Complaint fails to identify any cause of action

6

under which the claims could go forward.[4]  It is well-settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  See also United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. 392, 399 (1976) ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88).  A waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the federal government.  United States v. Mitchell, 463 U.S. 206 (1983); United States v. Shaw, 309 U.S. 495, 500-01 (1940) (the United States is immune from suit unless it has expressly waived sovereign immunity and consented to be sued).

Plaintiff has failed to meet his burden to prove that the United States has waived its immunity with respect to most of his claims. Mr. Roum must identify a cause of action under which he can bring suit.  Even when the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied."  Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'").  See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992);  United States v. King, 395 U.S. 1, 4 (1969).  Such waivers are construed "strictly in favor of the sovereign."  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).  A party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity.  Sherwood, supra.  Because

---

[4] With the possible exception of any FOIA claims, separately addressed below.

7

Plaintiff's Complaint does not identify any jurisdictional basis upon which the Court could award most of his requested relief against Defendants, Plaintiff's non-FOIA claims fail to comply with the limitations and conditions upon which the Government has consented to be sued and should be dismissed.

      1.      Alleged violations of Federal criminal statutes.

Plaintiff claims that Defendants violated a litany of Federal criminal statutes. See Compl. at 4-7 (18 U.S.C. §§ 241, 956, 1001, 1201, 2332, 2339, 2340, 4243). As explained above, the Federal government is subject to suit only where Congress explicitly has waived its sovereign immunity. The express terms of the Federal criminal statutes Plaintiff cites in his Complaint do not waive the Federal government's immunity from civil lawsuit. Instead, by their very terms, the statutory provisions criminalize certain conduct and allow the Federal government to prosecute violations of those provisions. See, e.g., Buchanan v. City of Bolivar, Tennessee, 99 F.3d 1352 (6th Cir. 1996) (no private right of action for violation of Federal criminal statute).[5]

      2.      Plaintiff's allegations concerning alleged Constitutional violations.

Plaintiff's references to the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution suggest that his Complaint is intended to allege constitutional violations. Complaint at 4, 7. If so, those claims should be dismissed for lack of subject matter jurisdiction on grounds of sovereign immunity. As previously explained, the United States enjoys immunity from suit except where it has expressly consented to be sued, FDIC v. Meyer, 510 U.S. 471, 474 (1994), and that consent cannot be implied but must be express. Nordic Village, Inc., 503 U.S. at 33-34; United States v. Mitchell, 445 U.S. 535, 538 (1980). The United States has not waived its

_____

[5] For the same reasons, the alleged violations of 22 U.S.C. § 5605 (giving the President the power to impose sanctions on foreign nations in connection with those nations' use of chemical and biological weapons) and "International Law," Compl. at 2, must be dismissed.

sovereign immunity from suits seeking monetary damages for alleged violations of the

Constitution.  Meyer, 510 U.S. at 477.  Thus, the government's sovereign immunity bars the

claims that the United States violated Plaintiff's constitutional rights.

> 3.    The Civil Rights Statutes do not provide a cause of action against the
>        Federal government.

At pages 6 and 7, Plaintiff cites 42 U.S.C. §§ 1982, 1985 ("Conspiracy to interfere with

civil rights").  Neither 42 U.S.C. § 1982, nor 42 U.S.C. § 1985, waives the United States'

sovereign immunity.  Vincent v. HHS, 600 F. Supp. 110, 111 (D. Nev. 1984) (citations omitted),

affirmed, 794 F.2d 683 (9th Cir. 1986).  Section 1985 explicitly extends liability to "persons."  42

U.S.C. § 1985(3).  It is settled that the United States is not a "person" subject to suit under

Section 1985.  Proffitt v. United States, 758 F. Supp. 342, 344-45 (E.D. Vir. 1990) (citations

omitted).  Similarly, the Civil Rights Statutes do not apply to federal officials acting under color

of federal law.  See, e.g., Abramson v. Bennett, 707 F. Supp. 13, 16 (D.D.C. 1989), aff'd, 889

F.2d 291 (D.C. Cir. 1989) ("Section 1983 only applies to state officials acting under color of

state law," not to federal officials acting under color of federal law); see also Heck v. Humphrey,

512 U.S. 477 (1994) (stating that Section 1983 provides access to a federal forum for claims of

unconstitutional treatment at the hands of state officials).

The Defendants in this case are the heads of various Federal agencies, who appear to be

sued in their official capacities for the alleged conduct of their respective agencies.  It is well-

settled that suits against government employees in their official capacity are, in effect, suits

against the sovereign.  Hutchinson v. United States, 677 F.2d 1322 (9th Cir. 1982); McKnight  v.

Civiletti, 497 F.Supp. 657 (E.D. Pa. 1980).  In addition, Plaintiff fails to allege that the purported

Constitutional deprivations to which he claims he has been subjected were motivated by racial

animus, which is another prerequisite for a suit under the Civil Rights Statutes.  See 28 U.S.C. §

1343.

It is clear that the United States has not consented to be sued under the Civil Rights Statutes. Courts have held that the statutory provisions of the Civil Rights Statutes do not create substantive rights and thus subject matter jurisdiction; they merely serve as procedural devices for enforcing substantive provisions of the Constitution and federal statutes. See, e.g., Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (concerning 42 U.S.C. § 1983). The jurisdictional section corresponding to the Civil Rights Statutes is 28 U.S.C. § 1343, which applies only to suits seeking redress for deprivations of federal rights under color of *state* law and thus does not waive the federal government's sovereign immunity. Vincent, 600 F. Supp. at 111.

    B.    The Complaint Should Be Dismissed under Rule 12(b)(1) Because Plaintiff's Claims Are Clearly Frivolous and Fanciful.

The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536 (1974). Here, the litany of allegations described above leaves no doubt that the Complaint is "essentially fictitious," comprised of "bizarre conspiracy theories, . . . fantastic government manipulations of [plaintiff's] will or mind . . . [and other] clearly fanciful claims." Best v. Kelly, 39 F.3d 328, 330-331 (D.C. Cir. 1994). The Complaint is "patently insubstantial" and should be dismissed for "want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989).

Plaintiff claims that, inter alia, Defendants deployed a "laser weapon" against him, Compl. at 2, and that "Dr. Daniel Dunn" implanted a "GPS chip" in him, which "releases radiation through somatic cells which is also cancer or disease causing [sic] in plaintiff's organs," Compl. at 3. Plaintiff also claims that the CIA "agglutinates in Megan L. Kross' apartment #009

above plaintiff's apartment (Black Site) whereby FBI is next door uses [sic] lethal chemicals . . . radiological devises such as modified microwave oven, laser weapon [sic]. . . against plaintiff." Compl. at 3-4.  Plaintiff also claims that his landlord is a "CIA and FBI informer," Compl. at 4, as are his former roommates and that the Defendants gave the "roommates radioactive chemicals to put in plaintiff's clothing, bed sheets, blankets, pillows and all of plaintiff stuffs in the house [sic]."  Compl. at 5.  Plaintiff also claims that the CIA and FBI destroyed his credit and turned his college professors against him, Compl. at 11, and caused his driver's license to be revoked. Compl. at 12.

This is exactly the same type of bizarre conspiracy theory that the D.C. Circuit addressed in Best.  Best cited as an example of claims that should be dismissed as being frivolous that "a Secret Branch of the Federal Government . . . Put [in plaintiff's head] a Computer Chip of some kind & a Camera System [sic] . . . ."  Best v. Kelly, 39 F.3d at 330, note 3.  Just as in Best, Plaintiff's claims in this case are "fanciful" and "legally frivolous."  Id. at 331.  See also Bestor v. Lieberman, 2005 WL 681460 at *1 (D.D.C. March 11, 2005) (citations omitted) (dismissing plaintiff's claims that the government implanted a chip or device in him as "plainly fanciful" and stating that claims should be dismissed if they "advance bizarre conspiracy theories").

C.    Plaintiff Has Not Presented a Proper FTCA Claim.

To the extent that the Court construes Plaintiff's Complaint as brought under the Federal Tort Claims Act (FTCA), Plaintiff has failed to exhaust his administrative remedies and his claims are barred by the applicable statute of limitations.

1.    Plaintiff Has Not Presented His Tort Claim to a Federal Agency as Required Under the FTCA.

When a plaintiff seeks monetary relief for torts against the United States or a department or agency of the United States, the only possible basis for relief is under the Federal Tort Claims

11

Act ("FTCA"), 28 U.S.C. §§ 1346(b)(2), 2671 et seq.  Plaintiff does not even explicitly invoke
the FTCA in his Complaint.  Even if he had, such an FTCA claim against the United States
would be without merit for several reasons.[6]

As previously explained, the doctrine of sovereign immunity bars all suits against the
United States except where such immunity is expressly waived by Congress.  See United States
v. Testan, 424 U.S. 392, 399 (1976).  Sovereign immunity is jurisdictional and thus the "terms of
[the United States'] consent to be sued in any court define that court's jurisdiction to entertain the
suit." Sherwood, 312 U.S. at 586.  The FTCA is a limited waiver of sovereign immunity.  That
limited waiver includes certain claims for injury or loss of property, or personal injury or a death,
caused by the neglect or wrongful act of a government employee.  The FTCA provides that the
United States "shall be liable . . . in the same manner and to the same extent as a private
individual under like circumstances" as under the law of the state where the wrongful act or
omission occurred.  28 U.S.C. § 2674.

First, any FTCA claim must be dismissed for Plaintiff's failure to administratively present
his claim.  Absent full compliance with the conditions placed upon the FTCA's waiver of
sovereign immunity, the Court lacks jurisdiction to entertain claims against the United States.
GAF Corp. v. United States, 818 F.2d 901, 916 & n.86 (D.C. Cir. 1987).  One such condition is
contained in 28 U.S.C. § 2675, which provides, in part:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his claim shall have

---

[6]A civil action or proceeding commenced against a government employee acting within
the scope of his employment is deemed an action against the United States, so the United States
is the proper defendant.  28 U.S.C. § 2679(d)(1).

been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see also GAF Corp., 818 F.2d at 904 n.7.

Similarly, an action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. McNeil v. United States, 508 U.S. 106, 113 (1993). This presentment requirement is "unambiguous" and courts are "not free to rewrite the statutory text." Id. at 111. Further, the requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987). See also Simpkins v. District of Columbia Government, 108 F.3d 366, 370-71 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim).

Because Plaintiff has not alleged that he has presented his claim to any executive branch agency, he has failed to assert facts that would state a claim within the jurisdiction of this Court. See Johnson v. DiMario, 14 F. Supp.2d 107, 111 (D.D.C. 1998). Thus, Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

2.    The Statute of Limitations Has Expired on Plaintiff's FTCA Claims.

An alternative, but equally compelling, basis for dismissing any claims under the FTCA is Plaintiff's failure to present the claim to any federal agency within two years after the accrual of the claim. Pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Compliance with the statute of limitations is a condition of federal court jurisdiction. See Kendall v. Army Bd. for Correction of Military Records, 996 F.2d

13

362, 366 (D.C. Cir. 1993); Hoffmann v. United States, 53 F. Supp. 2d 483, 494 (D.D.C. 1999).

Plaintiff filed the Complaint in January, 2006.  However, he refers to events dating back to 1999.  Compl. at 2 (alleged FBI and CIA surveillance of Plaintiff since 1999), Count I (alleging damages dating back to 1999).  Since a tort claim against the United States is barred unless an administrative claim is presented in writing to the appropriate federal agency within two years after the claim accrues, 28 U.S.C. § 2401(b), here any claims accruing prior to January 20, 2004 are barred by the statute of limitations and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

> 3.     The FTCA Does not Waive the Government's Sovereign Immunity for Intentional Torts.

It is unclear precisely what conduct Plaintiff is complaining of and by whom.  Defendants note, therefore, that the FTCA generally excepts intentional torts.  28 U.S.C. § 2680(h).  Plaintiff seems to be claiming that the United States failed to protect him from, or perhaps used against him, "nano-particles," a "laser weapon," "infrasound" and implanted a chip in him.  Compl. at 2. Because he does not identify with any precision the actors who committed the alleged wrongs, nor their relationship to Defendants, Plaintiff has not alleged facts sufficient to bring his claims within the FTCA's waiver of sovereign immunity.  To the extent that the Court determines that Plaintiff's Complaint alleges that an intentional act or omission by the government, or its non-law enforcement officer employees, caused his alleged physical or psychological harm, the suit would be barred by the FTCA's intentional tort exception.  For example, "intentional infliction of emotional distress is, of course, an intentional tort" and thus "is barred by the intentional torts exception to the FTCA."  Murphy v. United States, 121 F. Supp. 2d 21, 27 (D.D.C. 2000).

D.     Plaintiff Has Failed to Name the Proper Defendant for a FOIA Claim.

Plaintiff has sued the President of the United States and the heads of the CIA, DOJ and

FBI as Defendants.  Compl., caption.  There is a specific waiver of sovereign immunity under

FOIA to enjoin "the agency" from noncompliance; there is no waiver as to individual agency

employees, even in their official capacities.  5 U.S.C. § 552(a)(4)(B); Thompson v. Walbran, 990

F.2d 403, 405 (8th Cir. 1993); Stone v. Def. Invest. Servs., 816 F. Supp. 782, 785 (D.D.C. 1995);

Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); Sherwood Van Lines, Inc. v. United

States Dep't of Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).  Since George W. Bush, Alberto

Gonzales, Porter J. Goss and Robert S. Mueller III, even in their official capacities, are not

proper defendants in a FOIA case, the Court should dismiss Plaintiff's FOIA claims.[7]

     E.     Plaintiff Has Failed to Exhaust Any FOIA Claims

It is well-established that "no one is entitled to judicial relief for a supposed or threatened

injury until the prescribed administrative remedy has been exhausted."  McKart v. United States,

395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies is required under FOIA

before a party can seek judicial review.  Dettmann v. United States Dep't of Justice, 802 F.2d

1472, 1477 (D.C. Cir. 1986).  The purpose of the exhaustion requirement is to give the agency

" an opportunity to exercise its discretion and expertise on the matter and to make a factual

record to support its decision," as well as to allow the " top managers of an agency to correct

mistakes made at lower levels and thereby obviate unnecessary judicial review."  Oglesby v.

United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative

remedies whenever the requester fails to comply with the administrative procedures set forth

---

[7] Similarly, there is no cause of action against individual employees under the Privacy
Act.  Classen v. Brown, No. 94-1018, 1996 WL 79490, at **3-4(D.D.C. Feb. 16, 1996);
Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 23 (D.D.C. 1997) aff'd, No.
97-5208, 1998 WL 65543 (D.C. Cir. Jan 30, 1998).  In addition any Privacy Act claims would be
limited under the Privacy Act's two-year statute of limitations.  5 U.S.C. § 552a(g)(5).

under the FOIA/Privacy Act, including: (1) providing a request to the particular office identified

in the agency's FOIA/Privacy Act regulations, <u>Kessler v. United States</u>, 899 F. Supp. 644, 645

(D.D.C. 1995); (2) providing the agency the required proof of identity, <u>Summers v. United States</u>

<u>Dep't of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records

sought, <u>Gillin v. I.R.S.</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee

requirements, <u>Trueblood v. United States Dep't of Treasury</u>, 943 F. Supp. 64, 68 (D.D.C. 1996);

and (5) administratively appealing a denial of records, <u>Oglesby</u>, 920 F.2d at 61. <u>See also</u> 5

U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules

stating the time, place, fees (if any), and procedures to be followed . . . ."). Where a

FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted

his administrative remedies, his lawsuit is subject to dismissal. <u>See</u> <u>Oglesby</u> 920 F.2d at 61;

<u>accord</u> <u>Hidalgo v. FBI</u>, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

      1.      Plaintiff never filed a request with the FBI.

      Plaintiff has failed to comply with the first prerequisite for a FOIA claim as set forth

immediately above, namely providing a request to the particular office identified in the agency's

FOIA/Privacy Act regulations. <u>Kessler v. United States</u>, 899 F. Supp. 644, 645 (D.D.C. 1995).

As the Declaration of David M. Hardy makes clear, attached as Ex. 2, Plaintiff did not file a

FOIA request with the FBI. Hardy Decl. at ¶¶ 5-6. Thus, Plaintiff's FOIA claims should be

dismissed as to the FBI.

      2.      Plaintiff filed this lawsuit less than twenty days after the filing of his FOIA
                  request with the CIA and Plaintiff never appealed the CIA's January 31, 2006
                  FOIA determination.

      Similarly, Plaintiff has failed to exhaust his FOIA remedies with the CIA. The Court has

jurisdiction over FOIA claims when a requester has waited the statutory twenty-day period and

has not yet received a response from the agency, or when the requester did receive a response from the agency prior to filing suit and fully exhausted his or her administrative remedies, <u>inter alia</u>, by filing an appeal. <u>See</u> 5 U.S.C. § 552(a)(6)(A)(ii) (twenty-day time limit); <u>Oglesby</u>, 920 F.2d at 63 (holding that if requester receives agency response prior to filing suit, even if response is untimely, requester must exhaust administrative remedies prior to filing suit by filing timely administrative appeal).

Plaintiff claims to have appealed the CIA's no records response. Compl. at 13. However, on December 21, 2005, the CIA sent Plaintiff a letter assigning Plaintiff's inquiry a number and requesting more information in order to allow it to begin to process Plaintiff's letter as a FOIA request. <u>See</u> Attachment B to the Declaration of Scott A. Koch (Ex. 3 attached). That letter clearly stated that Plaintiff must provide the agency with the requested information "before we process your request." <u>Id</u>. at 1.

Plaintiff responded to the CIA's letter on December 30, 2005, providing additional information. Kock Decl. at Attachment C. CIA received that letter on January 19, 2006. <u>Id</u>. at Attachment D. On January 20, 2006, the CIA informed Plaintiff that, having received additional information, it would begin to process his FOIA request. <u>Id</u>. On January 31, 2006, the CIA made a determination on Plaintiff's FOIA request, stating that the letter "is a final response to your 11 November 2005 request," and that the agency was "unable to identify any information or records" about Plaintiff. <u>Id</u>. at Attachment E. The letter also explained to Plaintiff the appeal process and gave the applicable appeal deadlines. <u>Id</u>. (stating Plaintiff has a right to file an administrative appeal within 45 days by writing to the Agency Release Panel, and provided the address for such an appeal).

Plaintiff did not appeal, Koch Decl. at ¶ 22, but instead, on January 20, 2006, he filed this

17

lawsuit.  Accordingly, Plaintiff has not exhausted his administrative remedies because he did not

file an appeal nor did he allow the CIA the statutory twenty-day period to process his request.

Therefore, dismissal of Plaintiff's FOIA claims is appropriate.  See Oglesby 920 F.2d at 61; see

also Teplitsky v. Dep't of Justice, No. 96-36208, 1997 WL 665705, at *1 (9th cir. Oct. 24, 1997

(holding that plaintiff had not exhausted his administrative remedies when he did not appeal

denial of FOIA request even though agency notified him of procedure); RNR Enters v. SEC, 122

F.3d 93, 98 (2d Cir. 1997) (ruling that plaintiff had not exhausted his administrative remedies

when he failed to appeal agency denial even though he was advised of his right to appeal and

denial was issued during requisite time period).

Plaintiff's initial letter did not even become an actual request for purposes of the FOIA

until the CIA received the additional information it requested.  Lykins v. DOJ, 3 Gov't

Disclosure Serv. (P-H) ¶ 83,092 at 83,637 (D.D.C. Feb. 28, 1983).  See also Pollack v. DOJ, 49

F.3d 115, 120 (4th Cir. 1995) (request not considered received until agreement to pay requested

fees by requester).  Moreover, the twenty-day clock did not begin to run until the appropriate

office within the CIA actually received the additional information on January 19, 2006.  5 U.S.C.

§ 552(a)(6)(A)(I).  See, e.g., Brumley v. DOL, 767 F.2d 444, 445 (8th Cir. 1985) (agency

complied with FOIA after advising plaintiff that routing of his request to appropriate office

would result in short delay before the statutory response period would begin running); Blackwell

v. EEOC, 1999 LEXIS 3708 at *6 (E.D.N.C. Feb. 12, 1999) (time period for responding to FOIA

request does not start running "until the request is received by the appropriate office and officer

in the agency").  Since the CIA received Plaintiff's December 30, 2005 letter addressing CIA's

request for additional information on January 19, 2006, and Plaintiff filed this lawsuit one day

later, on January 20, 2006, Plaintiff's FOIA claims must be dismissed because he failed to wait

the twenty-day period the agency is allotted in order to process his request.

      F.     <u>The CIA Conducted an Adequate Search for Responsive Records</u>.

Even if Plaintiff were deemed to have exhausted his administrative remedies, the CIA conducted an adequate search for records, yet found none responsive to Plaintiff's request. In responding to a FOIA/Privacy Act request, an agency is under a duty to conduct a reasonable search for responsive records. See <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>Weisberg v. U.S. Dept. of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983); <u>Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health and Human Services</u>, 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'" <u>Kronberg v. Department of Justice</u>, 875 F. Supp. 861, 869 (D.D.C. 1995). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." <u>Meeropol v. Meese</u>, 790 F.2d 942, 956 (D.C. Cir. 1986).

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. See <u>Oglesby</u>, 920 F.2d at 68. Additionally, the search standards under the FOIA and the Privacy Act do not place upon the agency a requirement that it prove that all responsive documents have been located. See <u>Nation Magazine v. U.S. Customs Serv.</u>, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. <u>Id.</u> Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. <u>Maynard v. CIA</u>, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." See Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." See Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980). Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. See Miller, 779 F.2d at 1383. It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely speculative claims. See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (2d Cir. 1994); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The Koch Declaration demonstrates through detailed, non-conclusory averments that, in this case, the CIA engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Oglesby, 920 F. 2d at 68. See Koch Decl. at ¶ 20. The declaration describes the type of searches conducted to locate documents responsive to Plaintiff's request. See Id. at ¶ 20. Because of its national security mission, CIA's records systems are decentralized and compartmented. Id. at ¶ 10. When a request is received, each component of the CIA must devise its own search strategy, which includes identifying which of its records systems to search as well as what search tools, indices, and terms to employ. Id. Specifically when processing Plaintiff's request, the CIA's Information Management Services (IMS) sent Plaintiff's request to all appropriate directorates within the agency with instructions to search by name or other personal identifier provided by Plaintiff in his December 30, 2005 letter, such as his address and date of birth. Id. ¶ 20.

20

A Court has jurisdiction over a FOIA or a Privacy action only where an agency has improperly withheld agency records.  See 5 U.S.C. §552(a)(4)(B).  Here, the FBI never received a FOIA request from Plaintiff.  The CIA has not withheld any records, but rather, found no responsive documents after a reasonable, thorough and diligent search.  The CIA thus carried its burden to show that it conducted a search reasonably calculated to uncover all responsive records.  See Weisberg, 745 F. 2d at 1485; Perry v. Block, 684 F.2d 121,126 (D.C. Cir. 1982).  That is all that is required.  Thus, Defendants are entitled to judgment as a matter of law on Plaintiff's FOIA claims.

G.     The Complaint Fails to Meet the Federal Rules' Minimal Pleading Requirements and Must Be Dismissed On That Basis.

 Fed. R. Civ. P. 8(a) states in part that a Complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a).  The Complaint contains no page or paragraph numbering, but instead is replete with prolix, fanciful, vague and conclusory assertions not grounded in fact or law.  Plaintiff refers to various unnamed persons and claims that all manner of harms befell him, such as the use of a laser weapon against him, without saying how, where, when or by whom.  See, e.g., Compl. at 2-7.  The few persons he does identify are his landlord and his roommates, persons with no apparent connection to Defendants.

It is not at all clear what specific claims Plaintiff is advancing in this case or on what basis.  For example, Plaintiff discusses the Patriot Act, Al Qaeda, and various other current events without explanation as to their impact on him or their relevance to this lawsuit.  Plaintiff also claims that his landlord is a "CIA and FBI informer," Compl. at 4, as are his former roommates and that the Defendants gave Plaintiff's "roommates radioactive chemicals to put in

21

plaintiff's clothing, bed sheets, blankets, pillows and all of plaintiff stuffs in the house [sic]."

Compl. at 5.  Without explanation as to how or why, Plaintiff also claims that the CIA and FBI

destroyed his credit and turned his college professors against him.  Compl. at 11.

Defendants are left to speculate about what claims are actually before the Court in this

case, whether those claims are being raised pursuant to the FTCA or not, and whether, if so,

those claims were exhausted administratively.  Under the Federal Rules, the principal function of

the Complaint is to give the Defendants fair notice of the claims asserted so that the Defendants

can make an adequate response, either by answer or dispositive motion.[8]  "The purpose of [Rule

8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the

opportunity to file a responsive answer, prepare an adequate defense and determine whether the

doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977)

(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, §

1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D.

---

[8] Rule 8(a), Fed. R. Civ. P., states that a claim:

[S]hall contain (1) a short and plain statement of the grounds upon which the
court's jurisdiction depends, unless the court already has jurisdiction and the
claim needs no new grounds of jurisdiction to support it, (2) a short and plain
statement of the claim showing that the pleader is entitled to relief, and (3) a
demand for judgment for the relief the pleader seeks.

Rule 10(b), Fed. R. Civ. P., requires that:

All averments of claim or defense shall be made in numbered paragraphs,
the contents of each of which shall be limited as far as practicable to a
statement of a single set of circumstances; and a paragraph may be referred
to by number in all succeeding pleadings.  Each claim founded upon a
separate transaction or occurrence and each defense other than denials
shall be stated in a separate count or defense whenever a separation
facilitates the clear presentation of the matters set forth.

at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Here, the Complaint fails to meet these requirements.

Because government officials are frequently targets of nonmeritorious suits founded on rhetorical assertions of wrongdoing, the courts have been careful to ensure that plaintiffs suing government officials comply with the standard set out in Fed. R. Civ. P. 8(a). In <u>Butz v. Economou</u>, the Supreme Court warned courts about the possibilities of artful pleading and instructed them to firmly apply "the Federal Rules of Civil Procedure [to] ensure that Federal officials are not harassed by frivolous lawsuits." 438 U.S. 478, 507 (1978). This pleading standard requires more than fanciful allegations and legal conclusions.

Similarly, although a *pro se* plaintiff is entitled to some latitude, he must comply with the Federal Rules of Civil Procedure. <u>See,e.g.</u>, <u>Hilska v. Jones</u>, 217 F.R.D. 16, 21 (D.D.C. 2003). Complaints that are rambling, incomprehensible and unnecessarily voluminous -- such as Plaintiff's Complaint -- fail to meet the minimum requirements of Rule 8, because "a complaint that contains only vague and conclusory claims with no specific facts supporting the allegations may not give the defendant fair notice of the claims against him and thus would not allow the defendant to devise a competent defense." <u>Id</u>. (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)). Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a).

## CONCLUSION

For the foregoing reasons, the Court should enter summary judgment in favor of

Defendants on Plaintiff's FOIA and Privacy Act claims and should dismiss the remaining claims

in Plaintiff's Complaint.

Respectfully Submitted,

s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 307-0372

24

<u>**CERTIFICATE OF SERVICE**</u>

**I  HEREBY  CERTIFY** that on this <u>**13th**</u> day of <u>**April**</u>, 2006, a true and correct copy of

the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, with its

supporting papers, was served upon pro se Plaintiff, **Buony Roum,** by postage prepaid first-class

mail addressed as follows:

Buony Roum
3336 Mt. Pleasant St., N.W. #5
Washington, D.C.  20010

/s/

_____
PETER S. SMITH,  D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0372