UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUONY ROUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0112 (RMC) |
| ) | |
| PRESIDENT OF THE UNITED STATES ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Defendant submits this statement of material facts to which there is no genuine issue:

1. By letter to the Central Intelligence Agency (CIA), dated November 11, 2005, and received by the CIA's FOI/PA staff on December 14, 2005, Plaintiff sought from the CIA information about himself under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. See Declaration of Scott A Koch at ¶ 16, attached as Ex. 1. See also Koch Decl., Ex. A.

2. Plaintiff's November 11, 2005 letter sought "any records . . . about me maintained at your agency." Id. ¶ 16, and Exhibit A thereto.

3. By letter dated December 21, 2005, CIA acknowledged receiving Plaintiff's November 11, 2005 letter and informed Plaintiff that his letter had been interpreted as seeking any "records on [him]." Id. at ¶ 17 and Ex. B thereto.

4. CIA's December 21, 2005 letter also informed Plaintiff that it could not process the request until Plaintiff provided his full legal name, address, date and place of birth and

  citizenship status as required by the CIA's Privacy regulations, set forth at 32 C.F.R. § 1901.13.  Id.

5.  By letter dated December 30, 2005, Plaintiff provided the requested information and CIA received that letter on January 19, 2006.  Id. ¶ 18, and Exhibit C.

6.  By letter dated January 20, 2006, the CIA acknowledged its receipt of the additional information required to process Plaintiff's request.  Id. ¶ 19, and Exhibit D.

7.  Upon receipt of Plaintiff's perfected request on January 19, 2006, the CIA began to search for responsive information.  Because of its national security mission, CIA's records systems are decentralized and compartmented.  Id. at ¶ 10.  When a request is received, each component of the CIA must devise its own search strategy, which includes identifying which of its records systems to search as well as what search tools, indices, and terms to employ.  Id.

8.  When processing Plaintiff's request, the CIA's Information Management Services (IMS) sent Plaintiff's request to all appropriate directorates within the agency with instructions to search by Plaintiff's name or other personal identifier provided by Plaintiff, such as his address and date of birth.  Id. ¶ 20.

9.  By letter dated January 31, 2006, CIA advised Plaintiff it had conducted a thorough and diligent search but that it could not find any records responsive to Plaintiff's request.  Id. at ¶ 21 and Ex. E thereto.  CIA's January 31, 2006 letter also advised Plaintiff that he had a right to file an administrative appeal within 45 days by writing to the Agency Release Panel and provided the address for such an appeal.  Id.

10.  Plaintiff did not appeal the CIA's determination.  The CIA has no record of having

received and administrative appeal from Plaintiff and no further correspondence from Plaintiff has been received by the CIA with respect to his request. Id. ¶¶ 21-22.

11. The Federal Bureau of Investigation (FBI) conducted a search of its FOIPA Document Processing System, which houses the official records concerning receipt of all FOIA/Privacy Act requests for the FBI and found that the FBI did not receive a FOIA request from Plaintiff. Declaration of David M. Hardy, Ex. 2 attached, at ¶ 6.

Respectfully Submitted,

s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530
(202) 307-0372