IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUONY ROUM,                          )
                                     )
            Plaintiff,               )
                                     )
     v.                              )  Case Number 1:06CV00112
                                     )
GEORGE W. BUSH, et al.,              )
                                     )
            Defendants.              )
_____)

DECLARATION OF SCOTT A. KOCH
INFORMATION AND PRIVACY COORDINATOR
CENTRAL INTELLIGENCE AGENCY

I, SCOTT A. KOCH, hereby declare and say:

1.  I am the Chief, Public Information Programs Division (PIPD), Information Management Services (IMS), within the Information Services Center, Directorate of Support, Central Intelligence Agency (CIA).  I serve as the CIA Information and Privacy Coordinator (Coordinator).  I have held these positions since 9 August 2004.  I make this declaration in support of CIA's motion for summary judgment filed in this proceeding.

2.  I have served with the United States Government for approximately fifteen years and, in addition to my current positions, have held other supervisory positions with the

CIA in the fields of records management and information review and release.

3.  In my capacities as Chief of PIPD/IMS and Coordinator, I am responsible for managing the Freedom of Information Act (FOIA), Privacy Act, and Executive Order 12958[1] Mandatory Declassification Review programs in the CIA.  These responsibilities include directing searches of CIA records systems pursuant to public requests for records under these programs, and coordinating the reviews of any records retrieved in such searches.  These review processes include undertaking any intra-agency and inter-agency coordination and referrals necessary in light of the information found in responsive records.[2]

4.  As part of my official duties, I ensure that the Agency administratively processes FOIA and Privacy Act requests, including the search, retrieval, analysis, review, redaction, and release of documents, in accordance

---

[1] Executive Order 12958 was amended by Executive Order 13292.  See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003).  All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292.  See Exec. Order No. 12,958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. § 435 note at 165 (Supp. 2005).

[2] A "coordination" occurs when a CIA-originated document contains information from another agency, and the CIA contacts that agency to obtain guidance on whether to release or withhold that agency's information.  A "referral" occurs when CIA possesses a document that originated with another agency.  In such a case, CIA transmits the document to the originating agency for a direct response to the FOIA or Privacy Act requestor.

with the law and as efficiently as possible with the personnel and resources available.

5. Through the exercise of my official duties, I am familiar with this civil action. I make the following statements based upon my personal knowledge and the information made available to me in my official capacity.

6. This declaration describes CIA's records systems, its procedures for responding to FOIA/Privacy Act requests, and actions the Agency took in responding to Plaintiff's FOIA/Privacy Act request.[3]

### I.    CIA RECORDS SYSTEMS

7. Any intelligence or security agency continually faces the risk that there may be a spy within its ranks. Prudence dictates that an agency take appropriate counterintelligence and security precautions to minimize the potential damage to national security that could result from a spy in the agency's midst. One way to minimize such damage is strictly to limit the amount of information to which any particular employee has access.

8. CIA limits employee access to information by employing a "need-to-know" policy, which provides that an

---

[3] The Plaintiff submitted a written request for all records on himself. It is Agency policy to process all such requests under both the FOIA and the Privacy Act in order to ensure the maximum possible disclosure to the requester. See 32 C.F.R. 1901.21(a).

employee has access only to that information required to perform the employee's duties. CIA implements this policy through decentralizing and compartmenting its records systems.

9. While the counterintelligence advantage of this practice is obvious, one disadvantage is equally obvious: the inherent inefficiencies created in the records search and retrieval processes. These inefficiencies affect not only the day-to-day activities of CIA employees trying to perform their mission, but also the process of responding to FOIA/Privacy Act requests.

## II. PROCESSING OF FOIA/PRIVACY ACT REQUESTS

10. The Coordinator is the initial reception point for all FOIA/Privacy Act requests made to the CIA. Under the direction and supervision of the Coordinator, experienced IMS information management professionals analyze each request and determine which CIA components might reasonably be expected to possess records responsive to a particular request. IMS then transmits a copy of the request to each relevant component. When a request is broad, it is quite common for IMS to transmit the request to many components. Because CIA's records systems are decentralized and compartmented, each component must then devise its own search strategy, which includes identifying

4

which of its records systems to search as well as what search tools, indices, and terms to employ. The information management professionals in each component conducting FOIA/Privacy Act searches are the same professionals searching records to support the component's daily mission.

11. If a tasked component locates documents in response to the FOIA/Privacy Act request, officers must review the documents to determine whether they are responsive to the request. Because of the nature of a particular records system, or the search tools, indices, or terms employed, a search may locate many documents that are not responsive to the request.

12. After officers remove the non-responsive documents, the Information Review Officers must then review the remaining documents to determine which, if any, FOIA and Privacy Act exemptions apply, and whether they can reasonably segregate non-exempt information from exempt information. In evaluating responsive documents, officers must segregate exempt information to avoid the inadvertent disclosure of classified information, information concerning intelligence sources and methods, or other information protected by FOIA and Privacy Act exemptions. This process is laborious and time-consuming.

5

13.   In the course of reviewing documents for exempt information and segregability, a component frequently identifies information that it must coordinate with or refer to another CIA component or another agency because the other component or agency originated the information or otherwise has an equity in it.[4]  This coordination and referral process itself can be quite time-consuming because other components and agencies have their own mission and FOIA/Privacy Act priorities.

14.   When all of the components and agencies complete their respective reviews, IMS professionals, under my direction and supervision, incorporate all of their recommendations regarding exemption, segregation, redaction, and release.  These IMS professionals then conduct a review from a corporate perspective on behalf of the entire CIA.  In this review, IMS professionals resolve conflicting recommendations, ensure that the release or withholding determinations comply with law and published CIA regulations, identify additional exempt information that reflects overall CIA equities, ultimately produce the integrated final record copy of each document, and respond to the requestor.

---

[4] See Exec. Order No. 12958 § 3.6(b).

15.   In response to a broad FOIA/Privacy Act request, the searches may locate many documents in many components. When considered individually, a particular document may not indicate on its face that it contains exempt information. Nevertheless, when reviewers consider all responsive documents in total, it frequently becomes apparent that, considered collectively, the documents reveal information exempt from release.  For this reason, we cannot make final release determinations with respect to any particular document until we review all responsive documents.  In certain instances, the Coordinator may withhold additional information whenever it is necessary to apply FOIA and Privacy Act exemptions to protect overall CIA equities.

### III. **PLAINTIFF'S FOIA/PRIVACY ACT REQUEST**

16.   Plaintiff submitted by first class mail a written FOIA/Privacy Act request dated 11 November 2005 that was received by CIA on 14 December 2005.  In his request, Plaintiff asked for information in his "CIA files."  A true and correct copy of Plaintiff's 11 November 2005 letter is attached as Exhibit A.  CIA assigned Plaintiff's request reference number P-2006-00109.

17.   By letter dated 21 December 2005, CIA acknowledged receiving Plaintiff's 11 November 2005 letter

and indicated that Plaintiff's request had been interpreted
as a request for records about Plaintiff.  CIA further
informed Plaintiff that his letter could not be processed
until he provided a statement with his full legal name,
address, date and place of birth, and citizenship status as
required by the CIA's Privacy regulations, contained in 32
C.F.R. § 1901.13.  A true and correct copy of CIA's 21
December 2005 letter is attached as Exhibit B.

18.  By letter dated 30 December 2005, sent by first
class mail, Plaintiff provided the information required to
process his request.  CIA received this letter on 19
January 2006.  A true and correct copy of Plaintiff's 30
December 2005 letter is attached as Exhibit C.

19.  By letter sent by first class mail and dated 20
January 2006, the day after CIA received the biographical
information required to process Plaintiff's request, CIA
acknowledged the receipt of the additional information and
accepted Plaintiff's request for processing.  A true and
correct copy of CIA's 20 January 2006 letter is attached as
Exhibit D.

20.  The CIA processed Plaintiff's request in
accordance with the procedure described in Section II of
this Declaration.  IMS sent Plaintiff's request to all
appropriate directorates within CIA, with instructions to

conduct searches of all record systems that are searchable by name or other personal identifier provided by Plaintiff, and that might reasonably contain any records about the Plaintiff. The directorates conducted diligent searches of relevant systems of records that were reasonably calculated to discover any records responsive to Plaintiff's 11 November 2005 request. Diligent searches failed to disclose any records responsive to Plaintiff's request.

21. By letter dated 31 January 2006, CIA notified Plaintiff that it had conducted a thorough and diligent search for records responsive to his request, in accordance with the Freedom of Information Act and Privacy Act. CIA further informed Plaintiff that it found no records responsive to Plaintiff's request. CIA also informed Plaintiff that he had 45 days to exercise his right to appeal the finding to the Agency Release Panel. A true and correct copy of CIA's 31 January 2006 letter is attached as Exhibit E.

22. Although only one day had passed since CIA received Plaintiff's letter perfecting his request by providing the required biographical information, Plaintiff filed his complaint initiating this litigation on 20 January 2006. In other words, Plaintiff filed his

complaint a full nineteen days before the expiration of the twenty-day period afforded the CIA to respond.

23.  At no time did Plaintiff ever appeal to the Agency Release Panel as described to him in CIA's 31 January 2006 letter.  CIA has not received an administrative appeal or any further correspondence from Plaintiff after his 30 December 2005 letter.

*   *   *   *

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this _11th_ day of April, 2006.


_____
Scott A. Koch, Ph.D.
Information and Privacy Coordinator
Central Intelligence Agency