UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Buony Roum                         )
                    Plaintiff,     )
                                   )
                                   )
    V.                             )    Civil Action No. 06-0112 (RMC)
                                   )
PRESIDENT OF THE UNITED STATES )
OF AMERICA                         )
GEORGE W. BUSH, et al.,            )
                                   )
                    Defendants.    )
_____    )

## PLAINTIFF'S MOTION OF OPPOSITION TO DEFENDANTS' MOTION OF CLEAR FRIVOLOUS CLAIM TO DISMISS HIS ORIGINAL COMPLAINT FOR SUMMARY JUDGMENT

The defendants' Motion of clear frivolous claim to dismiss plaintiff's original

Complaint under Rule 8(a), 10(b) and 12(b)(6) of Federal Civil Procedure be deny or

dismiss pursuant to Rule 12(b)(1) of Federal Civil Procedure because agencies (1)

"improperly"; (2) "withheld"; (3) "Agency records" and refused to furnish records

requested by Pro se Plaintiff. Plaintiff's Complaint or Claim be enter prior to the hearing

for Summary Judgment hereunder Rule 56(a)(c), 8(a), 59(a)(2)(b)(c) Federal Rules Civil

Procedure.

Kenneth L. Wainstein, Rudolph Contreras, Peter S. Smith, Counsels for federal

defendants George W. Bush, Alberto R. Gonzales, Porter J. Goss and Robert S. Mueller

III were trying to twist around plaintiff's written statements by saying that President Bush

1

and heads of the United States Departments personally subjected plaintiff to radiation, laser weapon, implanted him with roving wiretaps or spy chips. We all know that the President of the United States does not gather intelligent in person and neither his heads' of Departments or Intelligence Agencies. The Counsels' deceitful written remarks or statements are also thought to be deceptive intended to convince the Court not to have interest in plaintiff's pleading. This Court will not be influence with clear fraudulent written ambiguous statements and it will take any decision it deems necessary to contemplate into the whole arguments. This Court has subject-matter jurisdictional over this Pro se plaintiff's new case per his requests to defendants to furnish him with his FOIA/Privacy Act "records".

Quoting the Washington Post, Sunday December 18th, 2005 and New York Time, President Bush in his radio address admitted that he ordered 36 times, the National Security Agency to spy (exterminate plaintiff) and eavesdrop on Americans who are suspected of terrorism or have ties to Al Qaeda or terrorist groups. He also intentionally bypassed Spy Court established in 1978 for this purpose because he knew that no judge could allowed the federal government to spy on ordinary citizens without clear legitimate proof of evidence instead he took the initiatives in his own hands and violated 47 C.F.R. § 15.9, 50 U.S.C. §§§ 1801(a)(1)(2)(3)(4)(5)(6)(b)(1)(A)(B)(2)(A)(B)(c)(D)(E)(c)(1)(2)(A)(B)(C)(3)(d)(e)(1)(A)(B)(C)(2)(A)(B)(f)(1)(2)(3)(4)(g)(h)(1)(2)(3)(4)(i)(j)(k)(l)(m)(n)(o), 1802(a)((1)(2)(A)(i)(ii)(B), 1822(a)(1)(A)(i)(ii), Privacy Act of 1974, the Fourth Amendment to the constitution of the United States which guaranteed right of citizens to

be secures in persons, papers, houses, effects and against government unreasonable searches and seizures, Fifth, Eight and Fourteen Amendment to the Constitution of the United States. All federal and local statues cited in plaintiff's original Complaint and Temporary Restraining Order, were also violated by defendants' federal agents. President George W. Bush also lied under Oath when taking an Oath for his executive office. I G e o r g e W. B u s h, "do solemnly swear (or affirm) that I will faithfully execute the office of the President of the United States, and will to the best of my ability to preserve, protect and defend the Constitution of the United States" So help me God. **Article II, Executive, Oath of Office.** Plaintiff believed President Bush just committed a felony and he just impeached himself from Executive Office.

Plaintiff had been labeled him Al Qaeda or terrorist by his federal government because they are doing research with him "Brian Machine Interface or Cyberkinetics i.e MKULTTRA" which is mind control experimentation whereby spy chips were implanted in his Nervous System and Respiratory System in thoracic region, another **Tuskegee experiments.** Plaintiff was displaced from his country of birth and became refugee by both radical muslims and CIA, DIA which fight tirelessly in Afghanistan and Sudan especially in southern Sudan. Plaintiff has nothing to do with Al Qaeda or terrorism. Al Qaeda is actually a U.S government created Organization in accordance with CIA, DIA unclassified now reclassified documents during the cold war between the United States of American and Union of Soviet Socialist Republics. Due to terrorism concerns, plaintiff on November 11th, 2005 sent Freedom of Information Act and Privacy Act of 1974 request letters to Porter J. Goss head of Central Intelligence Agency and Robert S.

Mueller III also head of Federal Bureau of Investigation to furnish him with his Al Qaeda or terrorist "records" that the agencies generated on him.

CIA FOIA/Privacy Coordinator Scott R. Koch had numeral contacts with plaintiff but could not release his records to him. The FBI or DOJ, the Department of Justice (withheld plaintiff's NSA files) failed completely to response to plaintiff's FOIA/Privacy request letter which was sent as a certified registered mail and a green card signed by DW Jones/p99 on November 16th, 2005.

For these facts, Court has subject-matter jurisdictional over Pro se plaintiff's FOIA/Privacy Act case. Plaintiff asked Court to dismiss defendants' indefinite redundant Motion and enter plaintiff's Motion of opposition for Summary Judgment pursuant to Fed. R. Civ. P. 56(a)(c), 59(a)(2)(b)(c) in favor of plaintiff. Plaintiff came to know that the roving wiretaps or spy chips that were illegally implanted by federal defendants' agents during procedures contained lethal virus which can create grave risk of death.

Respectfully Submitted,

Buony Roum
3336 MT Pleasant NW #5
Washington, DC 20010
(202) 468-4018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


BUONY ROUM                      )
                                )
            Plaintiff,          )
                                )
    V.                          )    Civil Action No. 06-0112(RMC)
                                )
                                )
PRESIDENT OF THE UNITED         )
STATES OF AMERICA               )
GEORGE W. BUSH, et al.,         )
                                )
            Defendants.         )
_____)


**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO OPPOSE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR SUMMARRY JUDGMENT**


Kenneth L. Wainstein, Rudolph Contreras, Peter S. Smith, Counsels for federal

defendants George W. Bush, Alberto R. Gonzales, Porter J. Goss and Robert S. Mueller

III were seen by Pro se Plaintiff as trying to twist around his written statements of facts

by saying that President Bush and heads of the United States Departments personally

subjected plaintiff to radiation, laser weapon, infrasonic, radioactive lethal chemicals,

nano-particles, implanted him with roving wiretaps or spy chips Resp.at 4. We all know

that the President of the United States does not gather intelligent in person and neither his

heads' of Departments or Intelligence Agencies. The Counsels' deceitful written remarks

or statements are also thought to be deceptive intended to convince the Court not to have

interest in plaintiff's pleading. This United States District Court for the District of

Columbia will not be influence with clear fraudulent written ambiguous statements and it will take any decision it deems necessary to contemplate into the whole arguments. This Court has subject-matter jurisdictional over this Pro se plaintiff's new case per his requests to defendants to furnish him with his FOIA/Privacy Act "records" pursuant to Rule 12(b)(1) because agencies (1) "improperly"; (2) "withheld"; (3) "Agency records" and refused to furnish requested "records" by Pro se Plaintiff.

Consistence with Rule 12(b)(6) of Federal Rules of Civil Procedure, Compl.at 25, 26, 27, 28, plaintiff requested relief and that all federal defendants must stop ordering their cleaners (federal agents) to conspiring to kill him surreptitiously using radioactive lethal lanthanide and actinide chemicals or chemicals, modified microwave oven (arsenal), infrasonic, non-nuclear electromagnetic pulse generators, isotropic radiators, following him around, getting him evicted from his residences, fired him from his jobs, and his names should be removed from local and federal terrorist database watch lists, compensate him for somatic (physical, genetic?) and phycological, credit, educational damages that the defendants' federal agents inflicted on him. Plaintiff wanted defendants to remove the **roving wiretaps or spy chips** implanted in his Nervous System, Respiratory System in thoracic and dorsal cavity. His right requested amount is $ 875 million dollars.

All the so called U.S government secretive Projects such as CONTELPRO, ELECTRONIC HARASSMENT, MKULTRA i.e "BRIAN MACHINE INTERFACE OR CYBERKINETICS be abolish in United States of America permanently. Pro se

2

Plaintiff want cancer free America and he wanted to be left alone permanently.

Defendants' federal agents has been making up and exaggerating risk of terrorist threat

by performing faulty inter-alia misleading the American public violation of CA Code

(Pen: 118-131) and 18 U.S.C. § 1001(a)(1)(2)(3)(b)(c)(1)(2) which plaintiff had been

harm all these years. Due to these genuine issues and plaintiff's material facts for

summary judgment be enter in favor of aggrieving Pro se Plaintiff. Defendants' claim for

summary judgment should not be granted because it show no genuine issue to any

material facts and lack subject-matter jurisdictional over this legal dispute and its

agencies' affidavits are contradictories, conclusories and were all made in bad faith that

why they didn't disclose the requested records to the plaintiff.

## I. DEFENDANTS' COUNSELS' DECEITFUL WRITTEN STATEMENTS ABOUT PRO SE PLAINTIFF'S MOTION OF ORIGINAL COMPLAINT

Federal defendants' Counsels, Kenneth L. Wainstein, Rudolph Contreras,

Peter S. Smith were trying to disprove plaintiff's legitimate original Complaint by

filing clear frivolous Motion and indefinite conclusory, contradictory affidavits

persuading the Court to dismiss plaintiff is Motion for summary judgment. It is

undeniable that federal defendants' federal clandestine intelligent agents Megan

L. Kross, NSA and Matthew Michael Lowry, CIA paramilitary (now superseded

by female Caucasian), Jodi E. Dickens, Defense Intelligence Agency, (DIA) and

Christina Marie Wallace, FBI have been spying on plaintiff. When plaintiff goes

3

to toilet Megan Kross and Matthew Lowry watch him. All mentioned federal

agents exaggerated terrorist threats by performing faulty inter-alia wasting

plaintiff's federal and other tax payers' money. **Ex. D**


The USA Patriot Act of 2001 renewed this year. Allowed these

clandestine federal intelligent agents to sneak –in and peak into Pro se Plaintiff's

Apartment. Once in the Apartment they daily collected his personal information

and put radioactive chemicals into his bed sheets, bed, clothes, blankets, furniture,

heating and air conditioning system, books, toothpastes, drinks, food. Plaintiff

does not leave drinks or food in his refrigerator. He has been eating carryout or

junk food. The federal intelligent agents also use radiological devices such as

modified microwave oven (arsenal) **Ex. E**, laser weapon, isotropic radiators, non-

nuclear electromagnetic pulse generators and infrasonic. Compl. at 2,3,4. All

these illegal activities were done under the so called U.S government secretive

Projects, **Contelpro, Electronic Harassment, MKULTRA** i.e **Brian Machine**

**Interface or Cyberkinetics** which is nothing but mind control experimentation.

Another **Tuskegee experiments**.


Plaintiff became terribly ill in past, numerous times ended up in

Emergency Rooms because of use of radioactive chemicals. Compl. at 3. He

underwent miscellaneous tests and finally had Laparascopic Nissen

Fundoplication at Abbott Northwestern Hospital in Minneapolis, Minnesota.

Compl. at 3. During procedures by Dr. Daniel Dunn when plaintiff was asleep

4

(under anesthesia) he was implanted with **roving wiretaps or spy chips**. Plaintiff

never know whether defendants' federal intelligent agents introduced to him any

disease but he came to know that the **roving wiretaps or spy chip** contained

lethal virus of strain A which can cause flu pandemic. The chips are implanted in

his Nervous System and Respiratory System in thoracic and dorsal cavity. That is

why the defendants labeled him terrorist not because Plaintiff is a terrorist.

Plaintiff was informed at work at NIH by FBI informer David Hawkins

that he is a terrorist or Al Qaeda and that the FBI told him they will kill plaintiff.

Another time at previous workplace NIH, Pro se Plaintiff was set up by FBI that

has been taking the lead and then followed by other agencies. FBI agents sent to

plaintiff two informers Shanto Rozario and Harry O. Gonzalez to go with them in

country side in Virginia and play paintball shootings method of terrorists training

for holy jihad war. If plaintiff did go and play paintball shootings in country side

in Virginia he could have been charge with conspiracy and material support to Al

Qaeda violation of 18 U.S.C. § 2339B(a)(1) and conspiracy to murder 18 U.S.C.

§§§ 1111(a)(b), 1114, 1117 in which plaintiff could have been sentenced for death

or life imprisonment. Compl. at 6, 7.

The so called FBI/CIA/NSA **CONTELPRO, ELECTROMIC**

**HARASSMENT, MKULTRA i.e BRIAN MACHINE INTERFACE** in which

FBI corporate with local police, FBI informer Tong Kolnyin the landlord upon

signing the so called National Security Letter was instructed by the FBI agents to

5

called D.C police and tell the police that plaintiff wanted to tab him with knife, was destroying the house and plaintiff wanted to hurt himself. Mr. Kolnyin did exactly what he was told, the D.C police kidnapped plaintiff to Saint Elizabeth Mental Hospital where he was subjected to psychiatric drugs, Zyprexa 10mg and injected with Haldol Decanoate 150mg. Plaintiff had been hurting for several months Compl. at 5. Pro se **Plaintiff Ex. F.** Due to all mentioned facts in plaintiff's original Complaint and in this pleading Motion for summary judgment, plaintiff on November 11th, 2005 sent FOIA/Privacy Act request letters addressed to CIA director Porter J. Goss and FBI director Robert S. Mueller III in accordance with A CITIZEN'S GUIDE ON USING THE FREEDOM OF INFORMATION ACT AND PRIVACY ACT OF 1974 TO REQUEST GOVERNMENT RECORDS, SECOND REPORT, UNION CALENDAR No.127 pages 35, 37. Federal defendants' Lawyers' claimed that plaintiff sent FOIA/Privacy Act request letters to wrong persons and that he is suing wrong people could not be justify at all. He suit for $ 875 millions is the right amount. Comp. at 25-27, Resp. at 7.

## II. **IN CAMERA INSPECTION OR REVIEW**

A. **Pro se** Plaintiff's Motion for Summary Judgment

6

The CIA and FBI affidavits are nothing but clear frivolous factual evidence of bad faith and all the affidavits failed to details the method of inadequate searches of improperly withheld responsive records of aggrieving Pro se Plaintiff. The agencies could not release plaintiff's FOIA/Privacy Act records because upon disclosure of documents would reveal agencies' gross misconducts and illegal surreptitious conspiratorial criminal activities to murder innocent plaintiff all these years under the so called U.S government secretive Projects **MKULTRA, ELECTRONIC HARASSMENT AND CONTELPRO** Jones V. Federal Bureau of Investigation, 41 F.3d at 242-3 in which agencies fear criminal punishment and embarrassment of their "cover ups" corruption and infringement of Civil Liberties of innocent ordinary citizens.

        B.    Summary Judgment

Defendant' deceptive Motion for summary judgment should not be solely granted on the basis of inconsistent and incredulous affidavits all made up in bad faith. Nonetheless, pursuant to Fed. R. Civ. P.12(b)(6) Pro se Plaintiff's Motion for summary judgment be granted because in previous heading plaintiff stated clearly the relief he wanted done and he asked the District Court for the District of Columbia to set up a new trial date in accordance with Rule 59(a)(2) of Federal Rules of Civil Procedure. Plaintiff demonstrated in his material facts, the documents indicated that there is really genuine issue as to material facts and not "inferences" as claimed by defendants' Counsels' misleading written statements and in parts their affidavits are indefinite, insufficient and conclusory cf. Niagara Mohawk Power Corp. v. United States Dep't of Energy, 16 F.3d

16, 18(D.C.Cir. 1999). <u>Ashton v. VA</u>, No. 94-3793, slip op. at 4(E.D.N.Y. 1998).

<u>Kamman v. IRS</u>, 56 F.3d 46, 49 (9 Cir. 1995) and <u>Voinche v. FBI</u>, 46 F.Supp.2d 26, 30

(D.D.C.1999). Summary judgment be granted to aggrieving plaintiff in accordance with

Rule 56(a)(c) in favor of plaintiff.

## III.   **ARGUMENT**

A.  United States District Court for the District of Columbia has subject-matter

jurisdictional over Pro se Plaintiff's FOIA/Privacy Act Complaint

The President of the United States is not in this lawsuit because of FOIA/Privacy Act

issue. Pro se Plaintiff is suing the President because the President on his own went to the

Media and admitted that he bypassed Spy Court established in 1978 and he ordered the

National Security Agency to eavesdrop, kill and spy on plaintiff without Court is

approval which violated  50 U.S.C. §§§

1801(a)(1)(2)(3)(4)(5)(6)(b)(1)(A)(B)(2)(A)(B)(c)(D)(E)(c)(1)(2)(A)(B)(C)(3)(d)(e)(1)(A

)(B)(C)(2)(A)(B)(f)(1)(2)(3)(4)(g)(h)(1)(2)(3)(4)(i)(j)(k)(l)(m)(n)(o),

1802(a)((1)(2)(A)(i)(ii)(B), 1822(a)(1)(A)(i)(ii), Privacy Law of 1974, First, Fourth, Fifth

Eight, Fourteen Amendments to the Constitution of the United States of America. At any

time when there is wrong doing in the system by the officials or President, all the

officials including the President shall be citizens of the United States of America 48

U.S.C § 874. It shall not matters whether the caption of suit is Buony Roum v. United

States of America or by individual names in accordance with Counsels for federal

8

defendants' strange remarks. Due to these reasons, United States District Court for the

District of Columbia has subject-matter jurisdictional over plaintiff's FOIA/Privacy Act

new case because FBI or DOJ, Department of Justice (NSA "record") and CIA (1)

"improperly"; (2) "withheld"; (3) "Agency records"; under Federal Rules of Civil

Procedure 12(b)(1) Court has subject matter jurisdiction over plaintiff's FOIA/Privacy

Act case. Williams v. Reno, No. 95-5155, 1996 WL 460093, at *2 (D.C.Cir. 1996); See,

also, cf. Urban v. United States, 72 F.3d 94, 95 (8 Cir.1995); Abraham & Rose, P.L.C. v.

United States, 138 F.2d 1075, 1078 (6 Cir. 1998).


    1.    Pro se Plaintiff noticed violation of criminal statutes


        The use of radioactive lethal chemicals and radiological devices,

kidnapping to Saint Elizabeth Mental Hospital, the lies that plaintiff is a

terrorist when he is not. The implants with **roving wiretaps or spy chips**,

are not illegal acts of committing crimes against plaintiff? Of course that is

violation of 18 U.S.C. §§§§§§§ 241, 956, 1001, 1201, 2332, 2340, 4243

respectively. Compl. at 4-7.


    2.    Plaintiff's Constitutional Rights Violation


        Upon federal defendant President Bush's orders of NSA to eavesdrops and

spy on plaintiff illegally without Spy Court is approval. NSA sent agent

Megan L. Kross and the rests, FBI sent Christina Marie Wallace, Jodi E.

Dickens Defense Intelligence Agency, DIA, Matthew Michael Lowy, CIA

paramilitary sneak -in and peak into plaintiff's apartment and searches his

documents or belongings without search warrants that is not violation of

plaintiff's **Fourth Amendment** to the Constitution of United States which

guaranteed rights of the citizens of the United States to be secures in

persons, papers, houses, effects against government unreasonable searches

and seizures and listening secretly is not violation of Freedom of Speech

or of Press..... **Amendment I.** Federal agents ordered by defendant Bush

secretly uses radioactive chemicals and radiological devices (**Plaintiff**

**Ex.**) against plaintiff that is not violation of **Fifth Amendment** that say no

person be deprive of life, liberty or property, without due process of law

and also **Eight amendment** that say no citizen should be subjected to or

cruel unusual punishment inflicted on him/her. That is not a violation

when Pro se Plaintiff was implanted with roving wiretaps or spy chips in

Nervous and Respiratory Systems in thoracic and dorsal cavity that he

thoughts be may contain influenza virus of strain A. That is not violation

**of Fourteen Amendments** that says all persons born or naturalized in the

United States are citizens of the United States and that no State shall

deprive any person of life, liberty or property, without due process of law;

deny to any person within its jurisdiction the equal protection of law.


C.    <u>Pro se Plaintiff Properly Claim FTCA</u>


10

Plaintiff asked for compensation pertaining to his damages. Whether he

mentioned unintentional or intentional TORTS the United States District Court

for the District of Columbia knows what to do.


D.    Plaintiff Named The Right Defendants For His FOIA/Privacy Act Claim


In accordance with A CITIZEN'S GUIDE ON USING THE FREEDOM OF

INFORMATION ACT AND PRIVACY ACT OF 1974 TO REQUEST

GOVERNMENT RECORDS which say that you can address the letter to the head

of the Agency or FOIA/Privacy Act officer. Scott A. Koch and David M. Hardy

were not known at that time. So, plaintiff named the right people.


E.    Pro se Plaintiff Exhausted His Administrative Remedies


Plaintiff's Motion for summary judgment should not be dismiss because CIA/FBI

or DOJ, Department of Justice could not located his FOIA/Privacy Act files and

"improperly withheld the files" because the agencies fall behind and violated 20 working

days (excluding Saturdays, Sundays and public Holidays) statutory time limits. Agencies'

affidavits are insufficient and its Exhibits indicates the violation Campbell v. Unknown

Power Superintendent of the Flathead Irrigation & Power Project, No. 91-35104, 1992

WL 84315 at *1(9 Cir. 1992); See, e.g., Pollack, 49 F.3d at 118-9. Gabel v. IRS, No. 97-

1653 1998 U.S Dis. LEXIS 12467, at *10 (N.D Cal. 1998) and the vague positive

response to plaintiff's FOAI/Privacy Act requests by CIA/FBI or DOJ, Department of

Justice Anderson v. United States Postal Serv., No. 98-1661, 1998 WL 306207, at *2

(E.D. Pa. 1998).


F.   CIA/FBI Inadequate Searches Of Plaintiff's FOIA/Privacy Act Responsive
     Records.


CIA/FBI FOIA/Privacy Act Coordinator Scott A. Koch and David M. Hardy's

description of their agencies' inadequate and not diligent and unsuccessful searches to

Plaintiff's FOIA request for responsive records will not defeat summary judgment to be

granted in favor of plaintiff. The agencies' affidavits did not explain where and how it

looked for responsive records and what they were looking for; Williams v. United States

Attorney's Office, No.96-1367, slip op. at 5 (D.D.C. 1999). The agencies' affidavits also

failed to provide the scope of the records searches and simply stated their searches yield

negative results for Pro se Plaintiff's FOIA "records" Bennett v. DEA, 55 F.Supp.2d 36,

40 (D.D.C. 1999).


G.   Plaintiff's FOIA/Privacy Act Met the Requirements Should Be Enters For
     Summary Judgment

Defendants' Counsels' complained of plaintiff's minor mistake of not "numbering the paragraphs". They are trying to make it a damn big deal even though plaintiff's statements are short and clear pursuant to Rule 8(a) of Federal Rules of Civil Procedure. Patriot Act of 2001 is a legitimate recipe of abuse designated to demise powerless and poor persons. A letter was sent to Senate Judiciary Committee Chairman Alan Specter (Rep. Pa.) before renewal of the Act. It is true that plaintiff knows the CIA/FBI informants, sometime back DOJ, Department of Justice Inspector General Glenn A. Fine complained about how FBI broke informants Rules. See **Pro se Plaintiff Exhibit**.

### Conclusion

Due to all details of facts for foregoing litigation brought by Pro se Plaintiff regarding FOIA/Privacy Act request for responsive records that could not be furnish to the plaintiff by federal defendants' agencies when they violated his civil liberties and his constitutional rights are infringed by federal defendants' agents, Court should enter summary judgment in favor of aggrieving Pro se Plaintiff.

Respectfully Submitted,

Buony Koum
3336 MT Pleasant NW #5
Washington, DC 20010
(202) 468-4018

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **26th** day of **April,** 2006 a copy of exact Motion of request to **extend the time** to response to defendants' Motion to dismiss Pro se plaintiff's original Complaint for Summary Judgment along with Order paper, was served to Peter S. Smith, counsel for all federal defendants by first-class prepaid mail addressed to:

Peter S. Smith, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, DC 20530
(202) 307-0372

Buony Roum
3336 MT Pleasant NW #5
Washington, DC 20010
(202) 468-4018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUONY ROUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 06-0112(RMC) |
| | ) | |
| PRESIDENT OF THE UNITED STATES | ) | |
| OF AMERICA | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PRO SE PLAINTIFF
## <u>BUONY B. ROUM</u>

I, Buony B. Roum, hereby declare that:

1.  I' m a law biding naturalized citizen of the United States in accordance with

**Amendment XIV Section 1**.To the Constitution of the United States of America and also

I am undergraduate Biochemistry and Computer Engineering student. The intention of

this declaration is to support my Motion for Summary Judgment.


2.  During the Naturalization ceremony I swore and gave my Oath of the

Allegiance to the United States of America, my beloved country. If shall arise a time to

defense and serve the country, I will be ready to perform that task without doubt or

hesitation.

1

## I. **BACKGROUND IN BRIEF**

3. I was born in Sudan in southern Sudan. During Sudanese Muslims-Christians,
north-south civil conflict, I was displaced from my country of birth and became a
refugee. I was resettled in the United States of America by U.S government through
United Nations' recommendation on September 13th, 1995 right here in Washington, DC.
I have not been out of the United State since then. I had received accommodation through
International Rescue Committee, IRC (my sponsor) also located here in District of
Columbia. I' m a Christian.

## II. **CIA/FBI FOIA/PRIVACY ACT REQUESTS**

4. On November 11th, 2005, I sent registered certified Freedom of Information
Act/Privacy Act request letters addressed to CIA director Porter J. Goss and FBI director
Robert S. Mueller III in accordance with A CITIZEN'S GUIDE ON USING THE
FREEDOM OF INFORMATION ACT AND PRIVACY ACT OF 1974 TO REQUEST
GOVERNMENT RECORDS PAGE 35, 37 SECOND REPORT, UNION CALENDAR
No.127. CIA had been very honest by responding my FOIA/Privacy Act request
sometime late as the affidavits show. FBI said it never received FOIA/Privacy Act
request letter but the green card FOIA/Privacy request letter addressed to director Mueller

2

III was signed by DW Jones/p99 on November 16th, 2005. FBI or DOJ, Department of Justice failed completely to response to my FOIA/Privacy Act request letter. David M. Hardy's Declaration is fraudulent. He just committed perjury 28 U.S.C. §1746. If DOJ or FBI every responded to my FOIA/Privacy Act request letter, why FBI FOIA/Privacy Act Coordinator David M. Hardy could have been use them as exhibits like what CIA FOIA/Privacy Act Coordinator Scott A. Koch had been doings?

5.    In my FOIA/Privacy Act request letter dated November 11th, 2005 which I both sent to CIA/FBI on the same date, CIA claimed to have received it on December 14th, 2005 when FBI received their FOIA/Privacy Act request letter on November 16th, 2005. According to CIA FOIA coordinator Scott A. Koch's Declaration from November 11th, to December 14th is 34 days minus 10 days (excluding Saturdays and Sundays) the agency fell behind by four days despites 20 days mandatory statutory time limit.

6.  CIA FOIA/Privacy letter dated December 21, 2005 which the agency sent to me on December 27th, 2005 (in accordance with red postal stamp verifying the date) which I received on December 29th, 2005 assured me that my request for expedite processing could not be granted because the FOIA/Privacy Act letters are handled by "first-in, first-out" basis unless "(1) that there is a genuine needs for the records. (2) That the personal need is exceptional. (3) That there are no alternative forums for the records sought. (4) That it is reasonably believed that substantive records relevant to the stated needs may exist and be deemed health, humanitarian, or due process consideration involving possible deprivation of life or liberty create circumstances of exceptional

3

urgency and extraordinary need". My request for expedite processing was "declined or denied". On December 30, 2005 I sent FOIA/Privacy Act Denial Access Appeal Letter in which I gave my full names, address, date and place of birth, social security number and the Citizenship. Religion: was exceptional. I also objected "first-in, first-out" due fact that I have targeted by CIA, FBI, DIA, NSA.

7. By December 30, 2005, Pro se Plaintiff sent his FOIA/Privacy Act Denial Access Appeal Letter addressed to CIA director Porter J. Goss pursuant to A CITIZEN'S GUIDE ON USING THE FREEDOM OF INFORMATION ACT AND PRIVACY ACT OF 1974 REQUEST GOVERNMENT RECORDS PAGE 35, 37 SECOND REPORT, UNION CALENDAR No.127.

8. CIA sent to me letter dated January 20, 2006 which the agency sent to me on January 25th, 2006 (in accordance with red postal stamp) claiming large number of FOIA/Privacy Act requests. The agency was trying to justify its delaying tactic of circumventing law by making excuses for delay. The first letter of November 11th, 2005 that is CIA is 20 working days excluding Saturdays and Sundays and public holidays. The second letter dated December 30, 2005 that was an appeal time. CIA is 10 working days excluding Saturdays and Sundays and public holidays. CIA is FOIA/Privacy Act letter of January 31, 2006 which the agency sent out to me on February 1st, 2006 requesting me to send the agency another letter saying it is O.K to send to me the "records". What part of my written English statements that Scott A. Koch does not

4

understand? I know that CIA is made up of bunch of well-educated and smart guys who
circumvent law and do not admit their fault. That is why I did not send another letter. I
actually got tired of repeating myself.


### III. REASONS WHY PRO SE PLAINTIFF'S "RECORD" COULD BE FURNISHED.


9. In the content of my FOIA/Privacy Act request letters to my CIA/FBI
directors, I asked for "records" That contained U.S government secretive Project such as
CONTELPRO, ELECTRONIC HARASSMENT, MKULTRA i.e BRIAN MACHINE
INTERFACE OR CYBERKINETICS, Al Qaeda or terrorist, paranoid, my educational
and medical records that the agencies collected on me. My health has been deteriorating
because of CIA, FBI, NSA federal agent's surreptitious use of radioactive lanthanide and
actinide chemicals, nano-particles, laser weapon and microwave arsenal.


10. The U.S government officials fear the risk of embarrassment and criminal
punishment if the records are released because it will reveal CIA/FBI/NSA gross
misconduct and criminal activities and infringement of my civil liberties rendered to me
by U.S laws and the Constitution of the United States of America.


11. The only way to get away with this is to improperly withheld my files and say
we made diligent searches that yielded negative results or failed to disclose any

responsive records or claim National Security or Foreign Policy issues. These so-call

CIA/FBI diligent searches for responsive records were made in bad faith. It is up to the

Court to decide who it wants to believe.


I hereby again declare under penalty of perjury that the foregoing is true and

correct.


Executed this 26th day of April, 2006.


Buony Roum
3336 MT Pleasant NW #5
Washington, DC 20010
(202) 468-4018

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUONY ROUM,                                    )
                                               )
                    Plaintiff,                 )
                                               )
                                               )
V.                                             )    Civil Action No. 06-0112(RMC)
                                               )
                                               )
PRESIDENT OF THE UNITED STATES                 )
OF AMERICA                                     )
GEORGE W. BUSH, et al.,                        )
                                               )
                    Defendants.                )
_____)


## I. <u>MATERIAL FACTS NOT IN DISPUTE</u>

In accordance with Local Rule 7(h) Pro se Plaintiff made these statements of the Material

Facts to show that there is really a genuine issue:

1.  On November 11th, 2005 Pro se Plaintiff sent FREEDOM OF INFORMATION

    ACT AND PRIVACY ACT OF 1974 to both CIA/FBI which the CIA received on

    December 14th, 2005, <u>See</u> Scott A. Koch's Declaration at ¶ 16 attached as Gov.

    Ex. A. Also <u>See</u> Buony Roum's Declaration at ¶ 4. **Pro se Plaintiff's Ex. A**.

    Plaintiff was looking for his personal "records" maintain by CIA/FBI so that he

    inspects and corrects any erroneous mistakes in CIA/FBI Files. <u>**Id**</u> ¶ 4.

2.  On December 21st, 2005 CIA FOIA/Privacy Act Coordinator Scott A. Koch sent

    response letter to FOIA/Privacy Act request asking plaintiff to identify himself

1

under penalty of perjury 32 C.F.R. § 1901.18. **Pro se Plaintiff Ex. B**. Plaintiff

gave his legal names, address, social security number, date and place of birth,

citizenship, Religion: Christian was extra information plaintiff provided to the

CIA FOIA/Privacy Act Coordinator. Plaintiff was told in written letter that his

request would be handled by "first-in, first-out" basis unless "(1) that there is a

genuine need for the records. (2) That the personal need is exceptional. (3) That

there are no alternative forums for the records sought. (4) That it is reasonably

believed that substantive records relevant to the stated needs may exist and be

deemed health, humanitarian, or due process consideration involving possible

deprivation of life or liberty create circumstances of exceptional urgency and

extraordinary need". My request for expedite processing was "declined or

denied". See Buony Roum's Decl. at ¶ 6. See also Defendants' **STATEMENT**

**OF MATERIAL OF FACTS** at ¶ 4.

3.  By December 30, 2005, Pro se Plaintiff sent FOIA/Privacy Act Denial Access

    Appeal Letter addressed to CIA director Porter J. Goss pursuant to A CITIZEN

    GUIDE ON USING THE FREEDOM OF INFORMATION ACT AND

    PRIVACY ACT OF 1974 PAGE 35, 37 SECOND REPORT, UNION

    CALENDAR No.127. See Buony Roum's Decl. At ¶ 7. See **Pro se Plaintiff Ex.**

    **B, Gov. Ex. C.**

## II. MATERIAL FACTS IN DISPUTE

4.  CIA FOIA/Privacy Act coordinator Scott A. Koch on January 25th, 2006 (**Pro se**

    **Plaintiff Ex. F**) mailed a second denial letter dated January 20th, 2006 and

dissuaded plaintiff of his rights to appeal to Agency Release Panel and that will
not proceed on that basis unless you tell us otherwise. Plaintiff made an appeal
and sees CIA's canny tactics as circumventing law. **Gov. Ex. D & E** and **Pro se
Plaintiff Ex. D & E.** On February 1st, 2006 (**Pro se Plaintiff Ex. G**) Scott A.
Koch mailed a third denial letter dated January 31st, 2006 asking plaintiff to
appeal the decision. This is after plaintiff already filed lawsuit. **Pro se Plaintiff
Ex. F & G.** If CIA mean it to release the records why the agency didn't sent the
records if it is not circumvention of law.

5. Federal Bureau of Investigation did not received and responded to Pro se
   Plaintiff's FOIA/Privacy Act request letter but the green card for affidavit of
   service was signed DW Jones p/99 on November 16th, 2005. **Pro se Plaintiff Ex.
   A & I.** David M. Hardy Declaration and Statement of Material of Facts are
   nothing than deceitful remarks or committing perjury. Declaration of David M.
   Hardy, Ex. 2 attachment, at ¶ 5.

## III. EXTRA MATERIAL OF FACTS

6. Plaintiff recovered from Archives unclassified now reclassified CIA, DIA
   documents of Afghan War during the 1980s of Soviet invasion of Afghanistan in
   1979. This is how the Al Qaeda was born. U.S government had big roll in the
   Organization that time. The documents are too many cannot be use as exhibits.
   Pro se Plaintiff is not a terrorist.

3

7. Pro se Plaintiff sent a letter addressed and e-mailed to President George W. Bush during his first term in the office asking him for help to stop CIA?FBI using radioactive chemicals and radiological devices. The President did not help at all although plaintiff supported and campaigned for him for second term in the office. Pro se Plaintiff Ex.

8. Plaintiff secretly collected documents by FBI agents (like Southern Sudanese Community Handcraft Project or Proposal) which plaintiff submitted to Netherland Development Corporation for funding in Cairo, Egypt that FBI clandestine agents gave to Michael A. Mason Assistant Director of FBI Field Office in Washington, DC. **Pro se Plaintiff Ex. S** in which Mr. Mason admitted on Washington Post. He said tips that come by e-mail, walkie-talkies transmissions, telephone, CIA/FBI informers were lying. **Pro se Plaintiff Ex. O**. Also FBI director Robert Mueller III with his former boss Attorney General John D. Ashcraft by his side. They said the Al Qaeda is ready to attack and Tom Ridge and Ashcraft were issuing false terrorist alarm. **Pro se Plaintiff Ex. P & Q.**

9. President Bush admitted to the Washington that he ordered 36 times the National Security Agency to eavesdrops and spy on innocent poor Pro se Plaintiff to kill him. **Pro se Plaintiff Ex. K.** Plaintiff because of use of radioactive chemicals and radiological devices. His face had been deformed. **Pro se Plaintiff Ex. N & L.** He had been kidnapped to Saint Elizabeth Mental Hospital and subjected and

4

injected with psychiatric drugs such as Zyprexa 10mg and Haldol Deconoate

150mg, Cogentin 2mg mixed with Haldol. **Pro se Plaintiff Ex. J.** Plaintiff had

been fired from work numerous times since 1999 up to presence time. **Pro se**

**Plaintiff Ex. T** and he had been implanted with roving wiretaps or spy chips **Pro**

**se Plaintiff Ex. M** and he had evicted upon noticed these clandestine federal

government agents **Pro se Plaintiff Ex. U.** Plaintiff had wrong surgery because

the defendants' federal agents were using radioactive chemicals on him **Pro se**

**Plaintiff Ex. V**.

Respectfully Submitted,

Buony Roum
3336 MT Pleasant NW #5
Washington, DC 20010
(202) 468-4018

5