UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUONY ROUM, )<br>)<br>                 Plaintiff,   )<br>)<br>                    v.             )<br>)<br>PRESIDENT OF THE UNITED STATES  )<br>  GEORGE W. BUSH, et al.,  )<br>)<br>               Defendants.  )<br>_____) | Civil Action No. 06-0112 (RMC) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

<u>Pro se</u> Plaintiff Buony Roum alleges that Defendants, the President of the United States and the heads of the United States Department of Justice, the Central Intelligence Agency and the Federal Bureau of Investigation,[1] caused him to be subjected to, <u>inter alia</u>, "nano-particles," "radioactive lethal chemicals," a "laser weapon," "non-nuclear electromagnetic pulse generators," "infrasound" and implanted a chip in him. Compl. at 2. Plaintiff also raises claims pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff seeks, <u>inter alia</u>, $875 million dollars in damages. Compl. at Count IV.

Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the Court lacks subject-matter jurisdiction over this case, because the

---

[1] As noted in Defendants' Motion, Plaintiff's lawsuit appears to raise claims against Defendants George W. Bush, Alberto R. Gonzales, Porter J. Goss and Robert S. Mueller III in their official capacities only. <u>See</u> Compl., caption and at 4 (alleging Defendants, "through Patriot Act," caused certain harms). Accordingly, the undersigned counsel responds to Plaintiff's Complaint on behalf of the Defendants as named in their official capacities. Nothing in this Motion or the accompanying Memorandum in Support of this Motion should be construed to waive any defenses the Defendants may have as individuals, including but not limited to improper venue, insufficiency of service of process, and qualified immunity from suit.

Complaint fails to state a claim upon which relief can be granted and because the Complaint does not meet the minimal pleading requirements of Rules 8(a) and 10(b). In the alternative, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff's FOIA claims because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law on those claims. Like his Complaint, Plaintiff's rambling Opposition, for the most part, merely lists his fanciful and conclusory allegations.

**A.     Plaintiff's Claims Should be Dismissed Under *Best v. Kelly*.**

Plaintiff's Opposition never mentions Best v. Kelly, 39 F.3d 328, 330-331 (D.C. Cir. 1994) and seems to ignore the Best issue entirely. Plaintiff's failure to respond constitutes a concession of this issue. See, e.g., Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."); Swedish American Hosp. v. Midwest Operating Eng'rs Fringe Ben. Funds, 842 F. Supp. 1039, 1043 (N.D. Ill. 1993) ("Swedish American, however, has failed to respond to Midwest's arguments in their opposition papers, and therefore concedes these points."); Southern Nevada Shell Dealers Ass'n v. Shell Oil, 725 F. Supp. 1104, 1109 (D. Nev. 1989) ("The plaintiffs, by failing to respond to [the defendant's] argument in their opposition paper, have implicitly conceded . . . [defendant's argument]. . .").

Even a cursory review of Plaintiff's Complaint (and his Opposition for that matter) demonstrates that the vast majority of Plaintiff's claims are "essentially fictitious" and comprised of "bizarre conspiracy theories, . . . fantastic government manipulations of [plaintiff's] will or mind . . . [and other] clearly fanciful claims." Best, 39 F.3d at 330-331. Plaintiff's Opposition

underscores the fact that his claims fall squarely within the holding of <u>Best</u>, arguing that the "federal government" is conducting "research" on him that includes "mind control experimentation whereby spy chips were implanted in [Plaintiff's] Nervous System and Respiratory System in thoracic region [sic] . . . ." Pl. Opp. at 3.

Plaintiff's Complaint, which is the only pleading in this case, contains rambling and far-fetched allegations that Defendants subjected him, <u>inter alia</u>, to "nano-particles," "radioactive lethal chemicals," a "laser weapon," "non-nuclear electromagnetic pulse generators," "infrasound" and implanted a chip in him, Compl. at 2, that Defendants gave Plaintiff's landlords and roommates radioactive chemicals to put into his clothing, bed sheets, and other belongings (Compl. at 5-6, 16, 17); entered his apartment to collect his personal information and followed him to various apartments as he moved (Compl. at 7-8, 19, 22); turned his college professors against him (Compl. at 11); disseminated lies that plaintiff is involved in the creation of WMDs (Compl. at 11); and caused his driver's license to be suspended.

It is clear from the Federal Rules of Civil Procedure that a plaintiff cannot amend his or her complaint through an opposition to a motion to dismiss. <u>See e.g.</u>, Fed. R. Civ. P. 7(a) (pleadings allowed), 15(a) (amended pleadings). Thus, Plaintiff's Opposition's representations about what claims are before the Court, as well as any attempt to clarify or further refine his claims, are a nullity. The operative <u>pleading</u> before the Court is Plaintiff's Complaint, which sets forth a fanciful conspiracy theory that is subject to dismissal under the settled law of this Circuit.

**B.    The Court Lacks Jurisdiction Over Many of Plaintiff's Claims.**

In addition to ignoring <u>Best v. Kelly</u> in his Opposition, Plaintiff fails specifically to respond to many of the points raised in Defendants' papers concerning his failure to demonstrate

3

that the Court has jurisdiction over his non-FOIA claims. Plaintiff briefly argues that the Court has jurisdiction over his allegations pursuant to the "federal and local statutes cited in plaintiff's original Complaint and Temporary Restraining Order," Pl. Opp. at 3, and that Defendants violated various provisions of the Constitution. The many federal criminal statutes he cites[2] do not create a civil cause of action against the federal government for money damages. See, e.g., Buchanan v. City of Bolivar, Tennessee, 99 F.3d 1352 (6th Cir. 1996) (no private right of action for violation of Federal criminal statute).[3] It is Plaintiff's burden to establish that jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

Furthermore, merely reciting in his Opposition the litany of Constitutional provisions that the federal government allegedly violated is not sufficient to establish a cause of action for damages. Pl. Opp. at 10. It is settled that the United States has not waived its sovereign immunity from suits seeking monetary damages for alleged violations of the Constitution. FDIC v. Meyer, 510 U.S. 471, 477 (1994).

Moreover, any tort claim Plaintiff seeks to bring must be dismissed. Plaintiff addresses the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(2), 2671 et seq., in only two sentences in his Opposition. Pl. Opp. at 11. Plaintiff asserts without explanation that he

---

[2] For example, 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim or injure persons . . . in a foreign country); 18 U.S.C. §1111 (first- and second-degree murder); 18 U.S.C. § 1117 (conspiracy to murder); 18 U.S.C. § 2340A (torture outside the U.S.); 18 U.S.C. § 1201 (kidnaping); 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); 18 U.S.C. § 114 (maiming within maritime and territorial jurisdiction); and 18 U.S.C. § 1001 (fraud and false statements). Compl. at 4-5.

[3] For the same reasons, the alleged violations of 22 U.S.C. § 5605 (giving the President the power to impose sanctions on foreign nations in connection with those nations' use of chemical and biological weapons) and "International Law," Compl. at 2, must be dismissed.

previously "asked for compensation pertaining to his damages." Id. Plaintiff does not say when, how or to whom he directed this request. Since, inter alia, Plaintiff's Complaint fails even to allege that he complied with the presentment requirements of the FTCA and since he offers no evidence in his Opposition that he complied with the FTCA's specific presentment requirements, his damages claims must be dismissed. See 28 U.S.C. § 2674. Plaintiff's Opposition also fails to address the fact that any FTCA claims would be barred by the FTCA's statute of limitations and thus he has conceded this issue. Stephenson v. Cox, 223 F. Supp.2d at 121.

C.  **Defendant is Entitled to Summary Judgment on Plaintiff's FOIA Claims.**

As an initial matter, Plaintiff sued the President of the United States and the heads of the CIA, DOJ and FBI as Defendants. Compl., caption. There is a specific waiver of sovereign immunity under FOIA to enjoin "the agency" from noncompliance; the FOIA creates no cause of action whatsoever against individual agency employees in their official capacities. 5 U.S.C. § 552(a)(4)(B); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); Stone v. Def. Invest. Servs., 816 F. Supp. 782, 785 (D.D.C. 1995); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); Sherwood Van Lines, Inc. v. United States Dep't of Navy, 732 F. Supp. 240, 241 (D.D.C. 1990). Defendants' Memorandum explained that since George W. Bush, Alberto Gonzales, Porter J. Goss and Robert S. Mueller III, even in their official capacities, are not proper defendants in a FOIA case.[4] In response, Plaintiff contends that he sent his FOIA requests to the persons identified in the FOIA Citizen's Guide. Pl. Opp. at 11. That is beside the point.

---

[4] Similarly, there is no cause of action against individual employees under the Privacy Act. Classen v. Brown, No. 94-1018, 1996 WL 79490, at **3-4 (D.D.C. Feb. 16, 1996); Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 23 (D.D.C. 1997) aff'd, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan 30, 1998). In addition any Privacy Act claims would be limited under the Privacy Act's two-year statute of limitations. 5 U.S.C. § 552a(g)(5).

As Defendants' Memorandum makes clear, the individual to whom a FOIA request should be addressed for purposes of administrative exhaustion is not necessarily the proper defendant in a FOIA lawsuit.  See 5 U.S.C. § 552(a)(4)(B).

  1.  Plaintiff Failed to Exhaust his Administrative Remedies with the CIA.

Similarly, to the extent that we understand Plaintiff's argument that he exhausted his administrative remedies under the FOIA, that argument misses the point.  Pl. Opp. at 11-12.  Lumping the Defendants together, Plaintiff simply asserts that Defendants "violated the 20 working days."  Pl. Opp. at 11.  Plaintiff never addresses the case law making it clear that the twenty days does not begin to run until a FOIA request is received by the proper office within the agency and the requestor provides any information or fees necessary to process the request.

As Defendants' papers explained, on January 31, 2006, the CIA made a determination on Plaintiff's FOIA request, stating that the January 31, 2006 letter "is a final response to your 11 November 2005 request," and that the agency was "unable to identify any information or records" about Plaintiff.  Koch Decl. at Attachment E.  However, Plaintiff filed this lawsuit on January 20, 2006, prior to CIA's final determination on Plaintiff's request and before twenty days had elapsed since the effective receipt of Plaintiff's request by the CIA.

CIA's December 21, 2005 letter requested that Plaintiff provide the agency with additional information in order to allow it to begin to process Plaintiff's letter as a FOIA request.  See Attachment B to the Declaration of Scott A. Koch.  That letter clearly stated that Plaintiff must provide the agency with the requested information "before we process your request."  Id. at 1.  Plaintiff responded to the CIA's letter on December 30, 2005, providing additional information.  Koch Decl. at Attachment C.  CIA received that letter on January 19, 2006.  Id. at

Attachment D.

Plaintiff's Opposition and Declaration ignore the fact that Plaintiff's initial letter did not even become an actual request for purposes of the FOIA until the CIA received the additional information it requested. Lykins v. DOJ, 3 Gov't Disclosure Serv. (P-H) ¶ 83,092 at 83,637 (D.D.C. Feb. 28, 1983). See also Pollack v. DOJ, 49 F.3d 115, 120 (4th Cir. 1995) (request not considered received until agreement to pay requested fees by requester). Accordingly, the twenty-day clock did not begin to run until the appropriate office within the CIA actually received the additional information CIA requested (i.e., on January 19, 2006). 5 U.S.C. § 552(a)(6)(A)(I). See, e.g., Brumley v. DOL, 767 F.2d 444, 445 (8th Cir. 1985) (agency complied with FOIA after advising plaintiff that routing of his request to appropriate office would result in short delay before the statutory response period would begin running); Blackwell v. EEOC, 1999 LEXIS 3708 at *6 (E.D.N.C. Feb. 12, 1999) (time period for responding to FOIA request does not start running "until the request is received by the appropriate office and officer in the agency"). Since the CIA received Plaintiff's December 30, 2005 letter addressing CIA's request for additional information on January 19, 2006, and Plaintiff filed this lawsuit one day later, on January 20, 2006, Plaintiff's FOIA claims must be dismissed because he failed to wait the twenty-day period the agency is allotted under FOIA in order to process his request.

In addition, Plaintiff never appealed CIA's January 31, 2006 determination. Plaintiff claims that his December 30, 2005 letter was an appeal and thus that he had timely exhausted his administrative remedies as of the January 20, 2006 filing of this lawsuit. Roum Decl. at ¶¶ 7-8. On December 30, 2005, there was nothing to appeal: up to that point CIA merely had requested that Plaintiff provide additional information necessary to process his request. See Attachment B

7

to the Declaration of Scott A. Koch.  Plaintiff ignores the actual text of the CIA's letter in arguing that he appealed the CIA's no records response.  Compare Compl. at 13, Pl. Opp. at 11 and Attachment B to the Declaration of Scott A. Koch.

    2.    FBI Never Received a FOIA Request from Plaintiff.

The FBI has no record of ever receiving a FOIA request from Plaintiff.  Hardy Decl. at ¶¶ 5-6.  Thus, Plaintiff's FOIA claims should be dismissed as to the FBI.  See Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995).  In his Opposition, Plaintiff argues that he did in fact submit a FOIA request to the FBI.  See Decl. of Buony Roum at ¶ 4.  The averments in Plaintiff's declaration are not sufficient to overcome Defendants' Motion for Summary Judgment.  See Fed. R. Civ. P. 56(e), providing that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

It is settled that Plaintiff cannot survive summary judgment with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations," "unsubstantiated assertions," "or by only a scintilla of evidence," Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, as noted in Rule 56(e), Plaintiff must show that there is a genuine issue of material fact requiring trial.

Plaintiff has not produced any copy of any FOIA request addressed to the FBI.  The Declaration of David Hardy is clear and specific that FBI reviewed its FOIA tracking system and has not received any FOIA request from Plaintiff.  Plaintiff's Opposition includes a declaration to

which Plaintiff attached a United States Postal Service return-receipt card purportedly dated "November 16, 2005" and addressed to "Robert Mueller III, Director, Federal Bureau of Investigation, 935 Pennsylvania Ave., N.W., Washington, D.C. 20535." Pl. Ex. I.  Defendants and the Court have no way of knowing what Plaintiff sent.  Moreover, the return-receipt Plaintiff relies upon, Pl. Ex. I, is not signed although there is an area designated for "Signature." Handwriting on the form states that it was "Received by" "DW Jones/pgg" on "November 11, 2005."  Plaintiff has not submitted evidence of such a quality as to defeat summary judgment on this issue.  Cf. Arnold v. United States Secret Service, Civil Action No. 05-1450 (D.D.C., February 8, 2006) (RBW) at 4 (return receipt creates dispute of fact sufficient to overcome motion for summary judgment), motion for reconsideration pending.[5]

Plaintiff also asserts, without support or explanation, that the CIA and FBI affidavits "are insufficient," Pl. Opp. at 11, and that CIA's search was inadequate, Pl. Opp. at 12.  Plaintiff's conclusory arguments notwithstanding, the CIA demonstrated in a relatively detailed affidavit that it conducted an adequate search for records, yet found none responsive to Plaintiff's request.

First, both the CIA and FBI affidavits comply with FOIA's requirements.  Summary judgment may be awarded to an agency in a FOIA or Privacy Act case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  There is no evidence of bad faith in this case. Plaintiff merely asserts that the "agencies' affidavits did not explain where and how it looked [sic] for responsive records and what they were looking for."  Pl. Opp. at 12.

---

[5] A copy of that decision is attached for the Court's convenience as Ex. 1.

The CIA's declaration describes the type of searches conducted to locate documents responsive to Plaintiff's request. See Koch Decl. at ¶ 20. Because of its national security mission, CIA's records systems are decentralized and compartmented. Id. at ¶ 10. In processing Plaintiff's request, the CIA's Information Management Services (IMS) sent Plaintiff's request to all appropriate directorates within the agency with instructions to search by name or other personal identifier provided by Plaintiff in his December 30, 2005 letter, such as his address and date of birth. Id. ¶ 20. Similarly, despite Plaintiff's assertion that it did not say where or how it looked, FBI's affidavit clearly explains that FBI searched its FOIA tracking system for a request submitted by Plaintiff. Pl. Opp. at 12. FBI found no such request. Hardy Decl.

Second, Plaintiff ignores the applicable legal test for a sufficient search. In responding to a FOIA/Privacy Act request, an agency merely needs to conduct a reasonable search for responsive records. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'" Moreover, "a search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986).

Since the CIA has provided evidence of a sufficient search by way of affidavit, the burden shifts to Plaintiff to rebut that evidence. It is insufficient for Plaintiff to attempt to rebut CIA's affidavit with purely speculative claims. See SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

**D.     The Complaint Fails to Meet the Federal Rules' Minimal Pleading Requirements.**

Plaintiff devotes less than a paragraph of his Opposition to this issue. Pl. Opp. at 13. Plaintiff simply asserts that "plaintiff's statements are short and clear." Pl. Opp. at 13. However, Plaintiff's rambling and unpaginated Complaint is anything but "short and clear." Thus, it fails to comply with Fed. R. Civ. P. 8(a), which states that a complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint refers to various unnamed persons and claims that all manner of harms befell him, such as the use of a laser weapon against him, without saying how, where, when or by whom. See, e.g., Compl. at 2-7. The few persons he does identify are his landlord and his roommates, persons with no apparent connection to Defendants. Without explanation, Plaintiff claims that his landlord is a "CIA and FBI informer," Compl. at 4, as are his former roommates and that the Defendants gave Plaintiff's "roommates radioactive chemicals to put in plaintiff's clothing, bed sheets, blankets, pillows and all of plaintiff stuffs in the house [sic]." Compl. at 5. Plaintiff also claims, inter alia, that the CIA and FBI destroyed his credit and turned his college professors against him. Compl. at 11.

Under the Federal Rules, the principal function of the Complaint is to give the Defendants fair notice of the claims asserted so that the Defendants can make an adequate response, either by answer or dispositive motion. "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217) (dismissing

11

pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Here, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a).

## CONCLUSION

For the foregoing reasons, the Court should enter summary judgment in favor of Defendants on Plaintiff's FOIA and Privacy Act claims and should dismiss the remaining claims in Plaintiff's Complaint.

                                Respectfully Submitted,

                                s/

                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

                                s/

                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                Assistant United States Attorney

                                s/

                                PETER S. SMITH, D.C. BAR # 465131
                                Assistant United States Attorney
                                Office of the United States Attorney
                                555 Fourth Street, N.W., Civil Division
                                Washington, D.C.  20530
                                (202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **8th** day of **May**, 2006, a true and correct copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, with its supporting papers, was served upon pro se Plaintiff, **Buony Roum,** by postage prepaid first-class mail addressed as follows:

Buony Roum
3336 Mt. Pleasant St., N.W. #5
Washington, D.C. 20010

/s/

PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372