UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUONY ROUM,                              )
                                         )
                       Plaintiff,        )
                                         )
V.                                       )   Civil Action No. 06-0112(RMC)
                                         )
PRESIDENT OF THE UNITED STATES           )
OF AMERICA                               )
GEORGE W. BUSH, et al.,                  )
                                         )
                       Defendants.       )
_____)

## PRO SE PLAINTIFF'S MOTION OF OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL STAY PENDING THE PROCESSING OF PLAINTIFF'S REQUEST FOR RECORDS TO THE FBI

Federal Defendants' Attorneys' claim under Fed. R. Civ. P. 7(b) asking Court to grant partial stay pending adjudication to defendants' Motion for summary judgment over Pro se plaintiff's Freedom of Information Act and Privacy Act of 1974 and request for another additional 90 days to allow FBI to process plaintiff's FOIA/Privacy Act must not be granted because FBI had 60 days to response to plaintiff's original Complaint like CIA the federal agency. In the past, the United States Attorneys that represent the White House, U.S Department of Justice, Central Intelligence Agency and Federal Bureau of Investigation, Document No.3 requested Time Enlargement citing 28 U.S.C. Rule 6(b) Federal Rule of Civil Procedure to familiarized themselves with the case and to "Coordinate government's response with various federal agency defendants". The Court partially denied and partially approved giving federal defendants one month and 13 days that add up to 103 days to response to plaintiff's Complaint when the United States

1

RECEIVED

JUN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attorneys' request for Time Enlargement could have been totally denied pursuant to 28 U.S.C. Rule 59(b) and (d) of the Federal Rules of Civil Procedure.

Referring back to David M. Hardy's Declaration (Hereunder 28 U.S.C. § 1746), FBI's section chief of the Record/Information Dissemination Section (RIDS) or Record Management Division (RMD). **See**, gov. **Ex. 2, at 2, at ¶ 3**. Mr. Hardy stated that he "Reviewed plaintiff's Complaint in this case and have familiarized himself with plaintiff's allegation regarding a purported FOIA/Privacy Act request he has sent to the FBI". Mr. Hardy also said that they "Have conducted a thorough search of the FBI's FOIPA Document Processing System ("FDPS")". He concluded that "This search yielded negative results for the existence of a FOIA/Privacy Act request from plaintiff Buony Roum". **See, David M. Hardy's Declaration at 2, ¶ 5** respectively.

Nevertheless, the federal defendant agencies' Statement of Material Fact and Memorandum of Points and Authorities (affidavits) are very confusing, very conclusory, very contradictory with inadequate searches for plaintiff's FOIA/Privacy Act request for responsive records and all vindicate nothing but clear evidence of bad faith by federal agencies. **See, Defendants' Statement of Material Fact at 3, ¶ 11** stated that "FBI did not receive a FOIA request form plaintiff" Which was clear frivolous claim by the government. **Also see, plaintiff Ex. A** (letter addressed to Robert Mueller III) and **Ex. I**.

Furthermore, the United States Attorneys also made a false claim that Pro se "Plaintiff did not appeal CIA's determination" That was also untrue. **See, Defendants' Statement of Material Fact at 2, at ¶ 10** and plaintiff **Ex. D** respectively. Pro se plaintiff's Statement of Material Fact and Memorandum of Points and Authorities are very clear not conclusory or contradictory and were all made up in good faith indicating

2

that there is really genuine issue to litigate LCvR 56.1. Defendants' Motion to dismiss plaintiff's original Complaint Document No.7, at 16 claimed that "Plaintiff never filed a request with the FBI. Patriot Act is legitimate recipe of abuse by the U.S government to demise helpless poor Americans and the residents. <u>See,</u> plaintiff **Ex. Y**. This anti-terrorist Act made defendants' federal agents do faulty inter-alia violation of 18 U.S.C. § 1001 and CA Code (Pen: 118-131).

Due to these documented facts, Pro se plaintiff ask this Court not to grant this sensation-less claim or request by the United States Attorneys, their motion for partial stay pending for another additional 90 days to process plaintiff's FOIA/Privacy Act request with FBI otherwise that would injustice plaintiff and will violate the rule of law.

                                  Respectfully Submitted,

                                  */s/ Buody Roum*
                                  Buody Roum
                             3636 16th ST. NW B666
                             Washington, DC 20010
                                (202) 232-6229

---

[1] This Court should grant summary judgment to Pro se plaintiff because agencies (1) "improperly"; (2) "withheld"; (3) "agency records"; the agencies' affidavits are contradictory, conclosory and agencies performed inadequate searches to plaintiff's FOIA/Privacy Act responsive records which is clear evidence of bad faith by these federal agencies. The United States District Court for the District of Columbia has subject jurisdiction matter over Pro se plaintiff's FOIA/Privacy Act request because any violation of U.S law or Codes automatically gives jurisdiction to the District Court.



www.usatoday.com    THE NATION'S NEWSPAPER
**FINAL SCORES**

Fri/Sat/Sun, March 10–12, 2006

- Full bracket
- Bonus section

NCAA Preview

# USA TODAY

# Bush makes Patriot provisions permanent

President Bush signed an update of the USA Patriot Act on Thursday, making permanent provisions that had been passed on a temporary basis after the Sept. 11 attacks. Controversy surrounding some of the initial law's provisions led to a Senate filibuster and negotiations that changed the renewed version, which finally passed Tuesday. The differences include:



Signing ceremony: Surrounded by members of Congress and his Cabinet, President Bush signs the USA Patriot Act on Thursday. Some members of Congress resisted certain provisions, but the Bush administration pushed the act as essential to it efforts to fight terrorism.

By Mark Wilson, Getty Images

| Issue | 2001 act | Renewed act |
|---|---|---|
| National security letters | Federal investigators can send requests for information, called national security letters. Recipients cannot disclose receiving a letter and have no right to consult an attorney without informing the FBI. | Recipients of a national security letter do not have to tell the FBI if they contact a lawyer. |
| Libraries | Several provisions give investigators power to monitor activities at a library or Internet cafe if a terror suspect might use those facilities. Some involve electronic eavesdropping, others formal requests for information. | A provision added to the bill exempts lending libraries, even if they offer Internet access, from being subject to national security letters requesting information. |
| Gag orders | Court-approved subpoenas can require recipients to provide sensitive information on individuals, such as medical, library or firearms records, without disclosing the request. | Recipients of these orders, called "Section 215 subpoenas," are allowed to challenge the gag order in court beginning one year after receipt. |
| "Sneak-and-peak" warrants | Investigators can conduct searches without notifying the subject of the search beforehand. Notification is required afterward within a "reasonable" time. | The "reasonable" period is defined as 30 days after the search, with the possibility for investigators to delay up to 90 days. |
| Roving wiretaps | Once investigators have a court-approved warrant to follow a target using different phones or computers, there is no requirement that the FBI notify the court when surveillance begins at a new place. | Within 10 days of beginning surveillance of a target at a new place, such as a home, business or Internet cafe, the FBI must notify the court and justify surveillance of the new location. |
| Reporting, minimization | There is no requirement that the Justice Department monitor the use and possible abuse of national security letters or take steps to protect innocent parties by minimizing information not relevant to investigations. | The attorney general is required to report to Congress annually on the use of letters. The attorney general and the director of national intelligence must report on the protection of innocent parties whose private data are found in an inquiry. |
| Sunset provisions | The original Patriot Act expired last December, requiring congressional renewal, which had been delayed by civil liberties concerns. | All provisions but two are made permanent. The exceptions expire in 2009: Section 215 concerning investigations of business records; and Section 206 allowing roving wiretaps. |
| Business records | The FBI can get court approval to examine business records by specifying that they relate to an authorized investigation. | The FBI must show a court there are "reasonable grounds" to believe the information sought is relevant to the investigation. |
| Congressional support | The original Patriot Act passed overwhelmingly six weeks after 9/11 with one senator, Russ Feingold, D-Wis., and 66 House members opposed. | Even with more civil liberties protections, Congress was deadlocked for months over renewal of the act. In the end, 10 senators and 138 representatives opposed, more than double the opposition of 2001. |

Reported by John Diamond, USA TODAY. Graphic by Mark Pearson