UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUONY ROUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0112 (RMC) |
| | ) |
| PRESIDENT OF THE UNITED STATES GEORGE W. BUSH, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS,
DOCKET NUMBERS 18 & 19**

<u>Pro se</u> Plaintiff Bouny Roum recently filed two documents with the Court requesting that: 1) the Court expedite a decision in this matter or set a trial date, <u>see</u> Docket No. 19; and 2) that the Court conduct "background investigations" of the undersigned counsel of record, <u>see</u> Docket No. 18. Both requests should be denied for lack of factual and legal support.

In requesting an immediate trial date, Plaintiff cites Fed.R.Civ.P. 59(a)(b) & (d), arguing that considerable time has been taken for the filing of the complaint and subsequent motions and responses. However, Plaintiff misunderstands Rule 59, which governs new trials and amendment of judgments. Here, Defendants have a pre-answer dispositive motion pending with the Court and no judgment has been entered. What Plaintiff is really seeking is an expedited decision on Defendants' pending dispositive motion. The Court has discretion over the management of its docket and can take the time it needs to render an appropriate decision. <u>See, e.g.</u>, <u>Jackson v. Finnegan, et al.</u>, 101 F.3d 145, 151 (D.C. Cir. 1996) (citations omitted). Plaintiff cites no authority requiring the Court to render an expedited decision.

Plaintiff also misunderstands LCvR 83.16, which he argues requires the Court to investigate the undersigned counsel of record. First, Plaintiff's request fails to comply with LCvR 83.16(d)(1) since his "complaint" is not "subscribed and under oath or affirmed under the penalty of perjury pursuant to the United States Code, Title 28, Section 1746." Nor did Plaintiff present his request to the "Clerk of the Committee" as required by the Rule. Second, to the extent that the Court treats Plaintiff's request as a disciplinary complaint, the complaint is "insufficient on its face to warrant investigation," see LCvR 83.16(d)(3), because it does not set forth any factual basis for an investigation whatsoever but instead seems designed merely to harass counsel for Defendants.

For the foregoing reasons, the Court should deny Plaintiff's requests.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/ s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of **June**, 2006, a true and correct copy of the foregoing response was served on pro se Plaintiff, **Buony Roum,** by postage prepaid first-class mail addressed as follows:

    Buony Roum
    3636 16th Street, N.W.
    Apt. B666
    Washington, D.C.  20010

                                                    /s/
                                    PETER S. SMITH,  D.C. Bar #465131
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Judiciary Center Building
                                    555 4th Street, N.W., 10th Floor
                                    Washington, D.C. 20530
                                    (202) 307-0372