UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUONY ROUM,                )
                           )
            Plaintiff,     )
                           )
      v.                   )    Civil Action No. 06-0112 (RMC)
                           )
PRESIDENT OF THE UNITED STATES )
  GEORGE W. BUSH, et al.,  )
                           )
            Defendants.    )
_____)

## DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, for a grant of summary judgment pursuant to Fed. R. Civ. P. 56. Defendants file this supplemental motion concerning the FBI's processing of a request for records in response to the Court's June 13, 2006 Minute Order. This motion supplements Defendants' earlier-filed motion to dismiss or for summary judgment, Document No. 7. Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials

    of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).[1]

              Respectfully Submitted,

               s/Kenneth L. Wainstein (DVH)
              _____
              KENNETH L. WAINSTEIN, D.C. BAR # 451058
              United States Attorney

               s/Rudolph Contreras
              _____
              RUDOLPH CONTRERAS, D.C. BAR #  434122
              Assistant United States Attorney

               s/Peter S. Smith
_____
              PETER S. SMITH, D.C. BAR # 465131
              Assistant United States Attorney
              Office of the United States Attorney
              555 Fourth Street, N.W., Civil Division
              Washington, D.C.  20530
              (202) 307-0372

---

[1] Consonant with the Court of Appeals guidance in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Defendant reminds this *pro se* litigant that failure to respond or contest Defendant's motion may lead to an entry of adverse judgment against him.  See also Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUONY ROUM,                                           )  |   |
|                                                                         )  |   |
|                 Plaintiff,         )  |   |
|                                                                         )  |   |
|                 v.                   )  | Civil Action No. 06-0112 (RMC) |
|                                                                         )  |   |
| PRESIDENT OF THE UNITED STATES )  |   |
|   GEORGE W. BUSH, et al.,                   )  |   |
|                                                                         )  |   |
|                 Defendants.      )  |   |
|                                                                         )  |   |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

<u>Pro se</u> Plaintiff Buony Roum alleges that the President of the United States and the heads of the United States Department of Justice, the Central Intelligence Agency and the Federal Bureau of Investigation subjected him to radiation and a "laser weapon," implanted a chip in him, Compl. at 1, and used "mind control" against him.[2]  Compl. at 5.  Plaintiff also seems to raise claims pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**I.      BACKGROUND FOR SUPPLEMENTAL MOTION**

On April 13, 2006, Defendants filed a motion to dismiss or for summary judgment in this case.  Document No. 7.  Defendants' motion argued that Plaintiff's Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the

---

[2] Plaintiff's lawsuit appears to raise claims against Defendants George W. Bush, Alberto R. Gonzales, Porter J. Goss and Robert S. Mueller III in their official capacities only.  <u>See</u> Compl., caption and at 4 (alleging Defendants, "through Patriot Act," caused certain harms). Accordingly, the undersigned counsel responds to Plaintiff's Complaint on behalf of the Defendants as named in their official capacities.  Nothing in this Motion or the accompanying Memorandum in Support of this Motion should be construed to waive any defenses the Defendants may have as individuals, including but not limited to improper venue, insufficiency of service of process, and qualified immunity from suit.

Court lacks subject-matter jurisdiction over this case, and the Complaint fails to state a claim upon which relief can be granted.  In addition, the Complaint should be dismissed under Rule 12(b)(6) because it does not meet the minimal pleading requirements of Rules 8(a) and 10(b).  In the alternative, Defendants argued that the Court should enter summary judgment in favor of Defendant pursuant to Fed. R. Civ. P. 56 on Plaintiff's FOIA claims, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law on those claims.

In response to Plaintiff's FOIA allegations, Defendants explained that the CIA had no responsive records and conducted an adequate search.  The FBI had not received any FOIA request from Plaintiff.  In response to Defendants' motion, Plaintiff claimed that he had, in fact, submitted a FOIA request to the FBI.  In an effort to resolve this dispute with the minimum expenditure of judicial resources, Defendants agreed to conduct a search for records as though Plaintiff had, in fact, submitted a valid FOIA request.  See Document 16 (government's motion to stay pending the processing of request for records).

This supplemental motion is filed in response to the Court's June 13, 2006 Minute Order granting Defendants' motion to stay.  This supplement addresses only the FBI's latest search for responsive records.  This motion is in no way intended to replace the earlier-filed motion to dismiss or for summary judgment, which is fully briefed and remains pending before the Court.

Plaintiff's Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the Court lacks subject-matter jurisdiction over this case, and because the Complaint fails to state a claim upon which relief can be granted.  In the alternative, this Court should enter summary judgment in favor of Defendant pursuant to Fed. R.

2

Civ. P. 56 on Plaintiff's FOIA claim concerning the FBI, because there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law.

## II.     STANDARD OF REVIEW

### A.     Motions to Dismiss

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  Moreover, a party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that support his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court must treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the

3

Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

While a complaint filed by a pro se litigant such as Mr. Roum is held to a less stringent standard than a pleading drafted by a lawyer, pro se litigants still must comply with the Federal Rules of Civil Procedure. United States v. Funds from Prudential Securities, 362 F.Supp.2d 75, 82 (D.D.C. 2005) (citing Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987), which was cited with approval in Moore v. USAID, 994 F.2d 874, 876 (D.C. Cir. 1993)).

B.   Summary Judgment Standards

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case by providing the district court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir.

1980). Summary judgment may be awarded to an agency in a FOIA or Privacy Act case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under the FOIA and the Privacy Act. See Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985). Since Defendants' declarations demonstrate that the agencies met their obligations under the FOIA and the Privacy Act, and the pleadings and other filings show no genuine issue as to any material fact, Defendants are entitled to a grant of summary judgment on Plaintiff's FOIA claims.

### III. ARGUMENT

Applying these various legal standards demonstrates that Plaintiff's Complaint should be dismissed as to any claim involving a FOIA request to the FBI.

A. Plaintiff Has Failed to Name the Proper Defendant for a FOIA Claim.

Plaintiff has sued the President of the United States and the heads of the CIA, DOJ and FBI as Defendants. Compl., caption. There is a specific waiver of sovereign immunity under FOIA to enjoin "the agency" from noncompliance; there is no waiver as to individual agency employees, even in their official capacities. 5 U.S.C. § 552(a)(4)(B); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); Stone v. Def. Invest. Servs., 816 F. Supp. 782, 785 (D.D.C. 1995); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); Sherwood Van Lines, Inc. v. United States Dep't of Navy, 732 F. Supp. 240, 241 (D.D.C. 1990). Since George W. Bush, Alberto

Gonzales, Porter J. Goss and Robert S. Mueller III, even in their official capacities, are not proper defendants in a FOIA case, the Court should dismiss Plaintiff's FOIA claims.[3]

  B. <u>The FBI Conducted an Adequate Search for Responsive Records</u>.

As the Second Declaration of David Hardy Ex. 1 attached, makes clear, FBI does not have any records related to Plaintiff. Thus, the only issue that Plaintiff could contest would be the issue of whether FBI conducted an adequate search for records. In responding to a FOIA/Privacy Act request, an agency is under a duty to conduct a reasonable search for responsive records. See <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>Weisberg v. U.S. Dept. of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983); <u>Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health and Human Services</u>, 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'" <u>Kronberg v. Department of Justice</u>, 875 F. Supp. 861, 869 (D.D.C. 1995). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." <u>Meeropol v. Meese</u>, 790 F.2d 942, 956 (D.C. Cir. 1986).

Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. See <u>Oglesby</u>, 920 F.2d at 68. Additionally, the search standards under the FOIA and the Privacy Act do not place upon the agency a requirement that it prove that all responsive documents have been located. See <u>Nation Magazine v. U.S. Customs Serv.</u>, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be

---

[3] Similarly, there is no cause of action against individual employees under the Privacy Act. <u>Classen v. Brown</u>, No. 94-1018, 1996 WL 79490, at **3-4(D.D.C. Feb. 16, 1996); <u>Armstrong v. United States Bureau of Prisons</u>, 976 F.Supp. 17, 23 (D.D.C. 1997) <u>aff'd</u>, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan 30, 1998). In addition any Privacy Act claims would be limited under the Privacy Act's two-year statute of limitations. 5 U.S.C. § 552a(g)(5).

defeated by an unsuccessful search for the document so long as the search was diligent.  Id.  Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.  Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  See Oglesby, 920 F.2d at 68.  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."  See Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980).  Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency.  See Miller, 779 F.2d at 1383.  It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely speculative claims.  See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (2d Cir. 1994); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The Second Hardy Declaration demonstrates through detailed, non-conclusory averments that, in this case, the FBI engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested."  Oglesby, 920 F. 2d at 68.  See Hardy Decl. at ¶ 9 et seq.  The declaration describes the type of searches conducted to locate "all records concerning 'Bouny Roum' and 'B. Roum.'"  Id. at ¶ 9.  The FBI search covered its Central Records System.  Id. at ¶ 11.  The Second Hardy Declaration explains in detail how information is organized in this system, and what sort of information is

7

indexed. Id. at ¶¶ 12-15. The Second Hardy Declaration makes clear what search terms were utilized and that the search resulted in a no records response. Id. at ¶ 15.

A plaintiff states a claim in a FOIA case only where an agency has improperly withheld agency records. See 5 U.S.C. §552(a)(4)(B). Here, the FBI has not withheld any records, but rather, found no responsive documents after a reasonable, thorough and diligent search. The FBI thus carried its burden to show that it conducted a search reasonably calculated to uncover all responsive records. See Weisberg, 745 F. 2d at 1485; Perry v. Block, 684 F.2d 121,126 (D.C. Cir. 1982). That is all that is required. Thus, Defendants are entitled to judgment as a matter of law on Plaintiff's FOIA claims.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims in Plaintiff's Complaint; alternatively, the Court should grant Defendant's motion for summary judgment as to Plaintiff's FOIA claims and dismiss the remainder of Plaintiff's claims with prejudice.

Respectfully Submitted,

s/Kenneth L. Wainstein (DVH)

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/Rudolph Contreras

RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

s/Peter S. Smith

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 307-0372

8

## CERTIFICATE OF SERVICE

**I  HEREBY  CERTIFY** that on this **14th** day of **August**, 2006, a true and correct copy of the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment, with its supporting papers, was served upon pro se Plaintiff, **Buony Roum,** by postage prepaid first-class mail addressed as follows:

Buony Roum
3336 16th Street, N.W.
Apartment B666
Washington, D.C.  20010

/s/Peter S. Smith
_____
PETER S. SMITH,  D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 307-0372