## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **BUONY ROUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-112 (RMC)** |
| | ) | |
| **GEORGE W. BUSH,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court are Defendants' motions to dismiss and motions for summary judgment, as well as a related "motion for order" filed by Plaintiff Buony Roum. Defendants contend that the Complaint must be dismissed because most of Plaintiff's claims are barred by sovereign immunity. Defendants also contend that Plaintiff's claims are so unsubstantial that the Court lacks jurisdiction. Finally, Defendants argue that they are entitled to summary judgment on Plaintiff's claims under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") because they have complied with their obligations under that statute. Plaintiff opposes summary judgment on the ground that Defendants have wrongfully withheld documents under FOIA. With respect to his other claims, Plaintiff fails to articulate a coherent response to Defendants' arguments. Having considered the briefs and other documents in the record, the Court concludes that Defendants' motions should be granted and that the Complaint will be dismissed; Plaintiff's motion will be denied as moot.

## I.  BACKGROUND FACTS

Plaintiff Buony Roum filed this action on January 20, 2006. The Complaint, as far as the Court can discern, alleges an intricate plot by various agencies and officials of the federal

government to kidnap, torture, and kill Mr. Roum.  According to the Complaint, Defendants have:
tried to poison Mr. Roum; taken him to a hospital and implanted him with a GPS microchip that
releases harmful chemicals into his body; placed him under constant surveillance; broken into his
apartment and laced his belongings with poison; used a "laser weapon" and other high-tech
contraptions to injure him; given poison to his coworkers to place in his belongings; wrongly
accused him of being linked to Al Qaeda; disseminated lies that he is making bombs and weapons
of mass destruction in his basement; tried to kidnap him and take him to secret facilities to perform
mind control experiments on him; and tried to trick him into attending terrorist training camps in
order to arrest him.  The Complaint seems to allege that this government conspiracy stems from a
private dispute between Mr. Roum and an insurance company arising from an auto accident that
occurred in 1999.  In addition, the Complaint alleges that President Bush is breaking the law by
spying on Plaintiff and other American citizens.  Finally, Mr. Roum alleges that the FBI and CIA
violated the FOIA by refusing to turn over documents pursuant to requests he submitted to those
agencies.  He seeks injunctive relief and $875 million in damages.

        The Complaint bases jurisdiction on a hodgepodge of federal statutes,[1] as well as the
Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.  With few exceptions,
however, none of the statutes cited in the Complaint provides a private right of action to persons like
Mr. Roum.  Therefore, taking the allegations in the light most favorable to Plaintiff, the Court

---

[1] Specifically, the Complaint references the following federal statutes: 22 U.S.C. § 5605, 18 U.S.C. § 2332a, 18 U.S.C. § 2340A, 18 U.S.C. § 1201, 18 U.S.C. § 2332b, 18 U.S.C. § 114, 18 U.S.C. § 956, 18 U.S.C. § 1111, 18 U.S.C. § 1117, 18 U.S.C. § 1001, 18 U.S.C. § 4243, 18 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. § 2339, 42 U.S.C. § 1985, 18 U.S.C. § 2340, 8 U.S.C. § 1101, 18 U.S.C. § 112, 50 U.S.C. §§ 1801-1802, 50 U.S.C. § 1822, 23 U.S.C. § 159, 5 U.S.C. § 552a, 18 U.S.C. § 2339B, 42 U.S.C. 2000e, 18 U.S.C. § 1510, 22 U.S.C. § 5606.

construes the Complaint to assert two basic causes of action: first, a cause of action for damages and injunctive relief arising from alleged physical, psychological, and constitutional injuries inflicted upon him by Defendants; and second, a cause of action under FOIA against the CIA and FBI to release records pertaining to Mr. Roum that are in those agencies' possession.

On April 13, 2006, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, to grant Defendants summary judgment pursuant to Rule 56. Plaintiff filed an opposition brief and supporting exhibits on April 26, and Defendants filed a reply on May 8. One month later, on June 8, 2006, Defendants moved to stay the proceedings in order to allow the FBI to process Plaintiff's FOIA request. The Court granted Defendants' motion and stayed the case for 60 days. On August 14, Defendants filed a "Supplemental Motion to Dismiss" attaching an affidavit which represented that the FBI had processed Plaintiff's FOIA request and found no responsive documents. On September 15, 2006, Plaintiff asked the Court to rule on the pending dispositive motions. The Court reads this filing to indicate that Mr. Roum has no additional evidence to rebut the FBI's supplemental affidavit and seeks a ruling based on the current record.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must treat the complaint's factual allegations —

including mixed questions of law and fact — as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. U. S.*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). The court need not, however, accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, the Court may typically consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

   **B.    Summary Judgment**

   Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S. at 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

-4-

To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party must, however, establish more than "the mere existence of a scintilla of evidence" in support of its position, *id.* at 252, and cannot rely solely on allegations or conclusory statements, *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### C.     Rule 12(b)(1)

Under Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339

F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case."  *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

### III.  ANALYSIS

#### A.    Personal Injury Claims

Reading the allegations in the Complaint in the light most favorable to Plaintiff, the Court concludes that there is no theory upon which Mr. Roum can proceed with his personal injury claims.  The first problem for Mr. Roum is the doctrine of sovereign immunity.  Under that doctrine, agencies of the federal government are completely immune from suit unless that immunity is expressly waived.  *See, e.g., Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (holding that federal agencies possess sovereign immunity).  Sovereign immunity also applies to government employees acting in their official capacities.  *See Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).  In plain English, sovereign immunity means that citizens like Mr. Roum cannot sue the federal government, agencies of the federal government, or employees of the federal government for acts they perform in their official capacities, unless the federal government has expressly agreed to be sued.

Here, the doctrine of sovereign immunity operates as a bar to Mr. Roum's cause of action for personal injury.  Mr. Roum alleges that the President, the Attorney General, and the heads of the CIA and FBI have established programs that have physically injured him various ways.  It is

clear that Mr. Roum intends to sue these Defendants in their official capacities because he filed an "Amended Complaint" substituting Porter Goss as a party defendant after Mr. Goss replaced Michael Hayden as director of the CIA. And since none of the statutes cited in the Complaint contains a waiver of the federal government's sovereign immunity, Mr. Roum's personal injury claims against federal government officials in their official capacities are absolutely barred.

There is one federal statute, however, that contains a limited waiver of sovereign immunity for tort claims against federal government employees — the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Although Mr. Roum's complaint does not mention this statute, because he is proceeding *pro se* the Court will construe his Complaint to allege claims under the FTCA. But while the Court can excuse Mr. Roum from specifically including the FCTA in the text of his Complaint, it cannot exempt him from actually complying with the FTCA's procedural requirements. The most important of those requirements is that before filing a lawsuit the plaintiff must present his claim directly to the agency for which the federal employee works. *See* 28 U.S.C. § 2675(a). Mr. Roum does not — and cannot — allege that he complied with that requirement in the FTCA before filing this action; Mr. Roum never filed a claim with any federal agency alleging that any Defendant in this case caused him to suffer an injury. As a result, his personal injury claims against Defendants are unsustainable. *See Simpkins v. District of Columbia*, 108 F.3d 366, 370-71 (D.C. Cir. 1997); *see also GAF Corp. v. U. S.*, 818 F.2d 901, 916 (D.C. Cir. 1987).

Mr. Roum's Complaint also mentions 42 U.S.C. § 1985, which provides a private right of action against persons who conspire to deprive an individual of his civil rights. Even if Mr. Roum cannot proceed with his claims for physical injuries, he may be able to state a claim for conspiracy to deprive him of his constitutional rights. Although the Complaint does not cogently

describe any agreement among Defendants, the Court concludes — taking the allegations in the light most favorable to Plaintiff — that the Complaint does allege that Defendants conspired to deprive Mr. Roum of his Fourth and Fifth Amendment rights.[2]

Nonetheless, the Complaint fails to state a claim upon which relief can be granted. First, § 1985 does not waive the federal government's sovereign immunity, so federal employees acting in their official capacities are immune from liability for alleged violations of § 1985. *See U.S. v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); *Biase v. Kaplan*, 852 F. Supp. 268, 280 (D.N.J. 1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal agency."). Thus, Mr. Roum's civil rights claims, as pled in the Complaint, are absolutely barred. Second, if Mr. Roum's Complaint could be construed to sue Defendants in their individual capacities, it still does not state a claim under § 1985 because it fails to allege that Defendants were motivated by racial animus or acted upon some other prohibited basis. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (holding that under § 1985 "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Thus, the Complaint fails to state a valid claim under 42 U.S.C. § 1985.

Finally, even if Mr. Roum's personal injury claims could be transmogrified into viable claims under the FTCA or the Civil Rights Act, they are still subject to dismissal on the ground that they are fundamentally incredible. Under Rule 12(b)(1), federal courts lack jurisdiction

---

[2] Even taking the Complaint in the light most favorable to Plaintiff, the Court cannot construe it to allege any violation of the Eighth or Fourteenth Amendments. Thus, any claims under those Amendments will be dismissed forthwith.

over claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974). Complaints that are comprised of "fanciful claims" and "bizarre conspiracy theories" are generally subject to dismissal on that basis. *Bestor v. Lieberman*, No. 03-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005) *(*quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir.1994)).

Here, the gravamen of Plaintiff's claims are that the FBI and CIA used "radioactive lanthanide and actinide lethal chemicals" against him; that he became ill as a result and, while receiving treatment, doctors implanted in his body a "GPS chip, biochip or roving wiretap(s)" which "releases radiation through somatic cells which is also cancer or disease causing in plaintiff's organs [sic]"; that the FBI surreptitiously enters his apartment and puts "radioactive nano-particles and lethal chemicals on plaintiff's clothing, bed sheets, furniture, books, toothpastes, food, drinks, [and] attempts to secretly murder him"; and that the FBI uses his neighbor's apartment to direct "thermal imaging and radiological devices such as modified microwave oven, laser weapon, infrasonic, non-nuclear electromagnetic pulse generators, infrasound and isotropic radiators against plaintiff." Compl. at pp. 2-7. According to Mr. Roum, these actions by the federal government are the result of a dispute between him and an insurance company regarding an auto collision in 1999. These are precisely the type of inherently unrealistic allegations that must be dismissed for lack of jurisdiction. *See Bestor*, 2005 WL 681460, at *1-2 (dismissing complaint for lack of jurisdiction when plaintiff alleged that United States Senators had kidnaped him and implanted neuroprosthetics in his brain).

## B.     FOIA Claims

Although Mr. Roum's personal injury claims are based on incredible factual allegations, his FOIA claims are comparatively straightforward. Under FOIA, a person who has

submitted a proper request for records that has been denied may file suit in district court.  *See* 5 U.S.C. § 552(a)(4)(B); *Zivotofsky v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006) ("Anyone whose request for specific information [under FOIA] has been denied has standing to bring an action").  The Court construes Mr. Roum's Complaint and other filings to allege adequately and demonstrate that he filed FOIA requests with the FBI and CIA, and that those requests were denied. Plaintiff's FOIA claims are therefore properly before the Court.

In response, the CIA and FBI have submitted affidavits stating that they have diligently searched their records and have no documents that are responsive to Mr. Roum's request. *See* Def.'s Mem. Ex. 1 (Koch Decl.); Def.'s Suppl. Mem. Ex. 1 (Hardy Decl.).[3]  The Court concludes, based on the Koch and Hardy Declarations, that the CIA and FBI conducted searches "reasonably calculated to uncover all relevant documents."  *Weisberg v. U. S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) ("What the agency must show beyond material doubt is that it has conducted a search reasonably calculated to uncover all relevant documents.").  Unless Mr. Roum can establish that there is some material dispute of fact regarding the existence of these records or the reasonableness of Defendants' searches, Defendants are entitled to judgment as a matter of law.

Based on the evidence submitted by the parties, the Court concludes that there is no issue of material fact regarding Plaintiff's FOIA claims.  Mr. Roum has submitted nothing to suggest that the searches were unreasonable or that any records actually exist.  Because there is no dispute

---

[3] Initially, the FBI represented that it never received a FOIA request from Mr. Roum.  Def.'s Mem. at 16.  In his Opposition brief, Mr. Roum stated that he had submitted a FOIA request to the FBI and attached a receipt from the U.S. Postal Service indicating that the request was delivered. Pl.'s Opp. Mem. Ex. I.  The FBI asked for a stay to process Mr. Roum's request and then filed a supplemental motion indicating that its search revealed no responsive documents.  Def.'s Suppl. Mem. Ex. 1 (Hardy Decl.) ¶ 15.

that both the CIA and the FBI diligently searched their files and found nothing responsive to Mr. Roum's request, see Koch Decl. at ¶ 20 and Hardy Decl. at ¶¶ 10, 15, the Court will enter summary judgment for Defendants on Plaintiff's FOIA claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Mr. Roum's personal injury and constitutional claims must be dismissed for failure to state a claim or, in the alternative, for lack of jurisdiction.  Similarly, Mr. Roum's FOIA claims fail as a matter of law because it is uncontested that Defendants complied with FOIA in all respects.  Accordingly, the Complaint will be dismissed with prejudice, and Plaintiff's pending "motion for order" will be denied as moot.  A memorializing order accompanies this Memorandum Opinion.

Date: November 14, 2006                            _____/s/_____
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge